## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN POWNALL** c/o The Beasley Firm, LLC 1125 Walnut Street Philadelphia, PA 19107 **Plaintiff** | **CIVIL COMPLAINT** **No.** |
| **v.** | **JURY TRIAL DEMANDED** |
| **LAWRENCE S. KRASNER** in his individual capacity District Attorney of Philadelphia Three South Penn Square Philadelphia, PA 19107 **and** | **PLAINTIFF'S COMPLAINT FOR MALICIOUS PROSECUTION, DEPRIVATION OF DUE PROCESS, AND CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. § 1983** |
| **TRACY TRIPP** in her individual capacity District Attorney of Philadelphia Three South Penn Square Philadelphia, PA 19107 **and** | |
| **THE CITY OF PHILADELPHIA** C/O City Solicitors' Office One Parkway 1515 Arch Street 15th Floor Philadelphia, Pa 19102-1595 **Defendants** | |

## I.    INTRODUCTION

1.    "Decency, security, and liberty alike demand that government officials shall be subjected to the same rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously. Our government is the potent, the omnipresent teacher. For good

or for ill, it teaches the whole people by its example. Crime is contagious. If the government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy. To declare that in the administration of the criminal law the end justifies the means * * * would bring terrible retribution. Against that pernicious doctrine this court should resolutely set its face." Justice Louis D. Brandeis dissent *Olmstead v. United States*, 227 U.S. 438, 485, 48 S.Ct. 564, 575, 72 L.E.d. 944 (1928).

2.      This quote, from Justice Louis D. Brandeis in his dissent, properly forecast the damage caused by constitutional and common law torts as committed by these Defendants against Ryan Pownall, (hereinafter "Pownall" or "Plaintiff") as well as speaking to the pattern and practice of this District Attorney's Office that incorporates the intentional manipulation of facts, lack of candor to the tribunal, and disregard of the law, maliciously done to achieve its self-serving and illegal gains.

3.      As described in this Complaint, these Defendants, as warned by Justice Brandeis, became the lawbreaker in their illegal prosecution of Pownall. In dismissing the charges against Pownall because of these Defendants' prosecutorial misconduct, Judge Barbara McDermott, in her 17 October 2022 Statement of Findings of Fact and Conclusions of Law (Exhibit "A"), wrote the following (emphasis added):

> In its Motion to bypass the preliminary hearing, *the Commonwealth demonstrated a lack of candor to the Court by misstating the law and providing Judge Coleman with incorrect caselaw.* The case the Commonwealth cited for the proposition that a Grand Jury presentment is a constitutionally permissible and reasonable alternative to a preliminary hearing, *Commonwealth v. Bestwick*, 414 A.2d 1373 (Pa. 1980), expressly stated in footnote 2 that the bypass issue had been settled by the legislature enacting 42 Pa.C.S. § 4551(e), which expressly states that a defendant shall

2

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

be entitled to a preliminary hearing following a presentment. Section 4551(e) did not apply in *Bestwick* because it was not enacted until four years after the defendant was convicted, but it did apply to cases arising after its enactment.

*The Commonwealth was also disingenuous* with the Court when it asserted that it had good cause to bypass the preliminary hearing under Pa.R.Crim.P. 565(A) because of the complexity of the case, the large number of witnesses the Commonwealth would have to call, the expense, and the delay caused by a preliminary hearing

. . . .

The Commonwealth's Affidavit of Probable Cause in this case relied exclusively upon the presentment. It is also unclear if Judge Coleman was aware of the justification defense when he accepted the presentment and dismissed the First-Degree Murder charge as there is nothing showing that Judge Coleman was ever informed about Section 508. The acceptance of a presentment by a supervising judge does not satisfy the need for a preliminary hearing. If a preliminary hearing had been held, the Defendant would have raised the justification defense and a neutral and detached magistrate could then determine whether probable cause existed in light of the justification defense. *As a preliminary hearing was not held in this case, the Defendant's due process rights were violated and the Defendant suffered prejudice.*

4.      Judge McDermott was not alone in finding significant fault in the manner that these defendants illegally prosecuted Ryan Pownall. In rejecting the Defendants' flawed appeals and illegal prosecution that inevitably led to the dismissal of the unconstitutional charges against Ryan Pownall, Justice Dougherty of this Commonwealth's Supreme Court wrote a special concurrence in the underlying litigation to amplify these Defendants' ethical and constitutional violations, including how these Defendants intentionally and illegally manipulated a grand jury to use the unfortunate circumstances surrounding the death of David Jones as a means to unconstitutionally prosecute a peace officer, Ryan Pownall:

"... [w]e must not lose sight of the fact that "[o]ur communities rely on

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

POWNALL V. KRASNER, ET AL.
COMPLAINT

locally elected prosecutors . . . to ensure that their criminal legal system treats everyone fairly and equally, and follows the dictates of the Constitution." Amicus Current and Former Elected Prosecutors' Brief at 22. This includes police officers charged with a crime. *Yet, here, I cannot say the DAO has treated Pownall fairly and equally. At least three aspects of the DAO's prosecution give me serious pause: (1) its failure to provide the investigating grand jury with all relevant legal definitions; (2) its successful attempt to deny Pownall a preliminary hearing; and (3) its relentless but unsuccessful attempt to change the peace officer justification law prior to Pownall's trial.*

*See* Justice Dougherty Special Concurrence Exhibit "B" at pp. 2-3. (emphasis added).

5.      The Defendants' malicious intent was revealed during the appeal of the criminal prosecution:

"Now, for the first time before this Court, the DAO finally admits its true intent in all this was simply to use Pownall's case as a vehicle to force judicial determination on 'whether Section 508(a)(1) is facially unconstitutional.' DAO's Reply Brief at 1; *see id.*at 6 (asserting 'Section 508's applicability to [Pownall] is not the subject of this appeal"). What's more, despite having assured the trial court it was not trying 'to bar [Pownall] from a defense[.]' N.T. 11/25/2019 at 8, the DAO now boldly asserts it would be appropriate for this Court to rewrite the law and retroactively apply it to Pownall's case because he supposedly 'had fair notice of his inability to rely on this unconstitutional defense[.]' DAO's Brief at 10."

*See* Exhibit "B" at p. 18.

6.      Justice Dougherty continued:

"[W]e have explained a prosecutor has a responsibility to "seek justice within the bounds of the law, not merely to convict." *Commonwealth v. Clancy*, 192 A.3d 44, 52 (Pa. 2018) (internal quotations and citation omitted). This is because a prosecutor acts as "a minister of justice and not simply that of an advocate." Pa.R.P.C. 3.8, Comment; see, e.g., Commonwealth v. Briggs, 12 A.3d 291, 331 (Pa. 2011) (a prosecutor, "unlike a private attorney, must exercise independent judgment in prosecuting a case and has the responsibility of a minister of justice and not simply that of an advocate") (internal quotations and citation omitted). As a minister of justice, a prosecutor shoulders a unique responsibility that "carries with it specific obligations to see that the defendant is accorded [J-76-2021] [MO:

**POWNALL V. KRASNER, ET AL.**
COMPLAINT

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

Dougherty, J.] – 19 procedural justice and that guilt is decided upon the basis of sufficient evidence."   Pa.R.P.C. 3.8, Comment. *Little that has happened in this case up to this point reflects procedural justice. On the contrary, the DAO's prosecution of Pownall appears to be "driven by a win-at-all-cost office culture" that treats police officers differently than other criminal defendants. DAO CONVICTION INTEGRITY UNIT REPORT, OVERTURNING CONVICTIONS — AND AN ERA 2 (June 15, 2021), available at tinyurl.com/CIU report (last visited July 19, 2022). This is the antithesis of what the law expects of a prosecutor.*

*Id.* at pp. 18-19.

7.      These Defendants' intentional plan to withhold from the investigating grand jury the relevant and applicable legal definitions of murder as well as legal instructions on 18 Pa.C.S. § 508(a) (Peace Officer's Use Of Force In Making Arrest), was neither negligent nor inadvertent. These Defendants knew that Section 508 provides legal justification for deadly force to a peace officer in making an arrest, yet, in plain violation of Pownall's constitutional rights, withheld it because it was fatal to the grand jury presentment and criminal conviction the Defendants desired.

8.      Defendant Tripp's fabrication to the court that she did provide legal definitions for murder to the grand jury – another example of a lack of candor to the tribunal – was quickly identified and dismissed by Judge McDermott:

Former ADA Tripp's assertion that she left the statutes for the Grand Jury was indirectly contradicted by former ADA Murphy's testimony. Former ADA Murphy, the then-supervisor of the Special Investigations Unit who oversaw all Grand Jury proceedings for the District Attorney's Office, was present in the Grand Jury room on August 23, 2018 when the presentment was read to the grand jurors. She did not provide the statutes to the grand jurors and could not remember anyone providing the Grand Jury with a copy of the appropriate statutes and definitions.

*The Commonwealth made an intentional, deliberate choice not to inform the grand jurors about the justification defense under Section 508. While former ADA Tripp was aware of Section 508 and its applicability to the*

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

> *Defendant's case at the time of the Grand Jury proceedings, she decided not to advise the Grand Jury about Section 508 after consulting with other, more senior Assistant District Attorneys.*
>
> The Notes of Testimony also establish that former ADA Tripp neglected to bring the exhibits from the Defendant's case for the grand jurors to review in making their decision. She left the room to retrieve the exhibits, but, due to the swiftness of the Grand Jury's decision to approve the presentment, she did not have an opportunity to return before the presentment was issued. The Grand Jury began its deliberations on Presentment No. 4 at 12:48 p.m. and approved Presentment No. 4 just twelve minutes later at 1:00 p.m. The fact that Presentment No. 4 was returned in only twelve minutes supports this Court's conclusion that the grand jurors did not have enough time to review the statutes.

*See* Exhibit "A" At pp. 5-6. (emphases added).

9.      Justice Dougherty made plain that these Defendants violated the Rules of Professional Conduct in their unconstitutional, malicious prosecution of Pownall, and via their highly improper plan to poison the jury pool via press releases and a self-serving documentary in which an entire sixty (60) minute episode of the "Philly D.A." series was dedicated to their prosecution of Pownall:

> Notably, the DAO argued that although prosecutorial sources "carry authority and may prejudice a venire[,]" the extensive publicity in Pownall's case was "not so reliant on" those sources. DAO's Brief on Defense's Motion for Change of Venire, 5/21/2019 at 3-4. But it turns out the same prosecutor who authored this statement, ADA Tripp, was in fact participating in a documentary focused on the DAO. In 2021, during the pendency of this appeal, that documentary aired on television, including an entire episode dedicated solely to Pownall's case. See Pownall's Brief at 60-61, citing Philly D.A., Episode 7, (PBS July 1, 2021). *That a prosecutor would think it appropriate to poison the well of public opinion by participating in a documentary concerning an ongoing case is unconscionable to me. See, e.g., Pa.R.P.C. 3.8(e)* ("except for statements that are necessary to inform the public of the nature and extent of the prosecutor's action and that serve a legitimate law enforcement purpose, [a prosecutor shall] refrain from making extrajudicial comments that have a substantial likelihood of heightening public condemnation of the accused").

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**POWNALL V. KRASNER, ET AL.**
COMPLAINT

*See* Exhibit "B" at p. 17, n. 17. (emphasis added).

10.     In spite of the above, all the while they were on their PR campaign to poison the jury pool against Pownall, lie to the court, mislead the grand jury, all to deprive Pownall of his constitutional rights, they withheld highly relevant *Brady*[1] evidence that Officer Pownall's actions were justified.  *See* Exhibit "C," their expert report from Gregory A. Warren, Ed.D. of American Law Enforcement Training and Consulting), which concluded that Officer Pownall's actions were justified:

> However, with all of the facts presented in this case at this time, it is my professional opinion that Officer Pownall acted in accordance with the [sic] statutory laws of the State of Pennsylvania and within the confines and structure of the U.S. Supreme Court's rulings on the use of deadly force by law enforcement officers. I therefore conclude that Officer Pownall's use of deadly force in this case was justified.

*See* Gregory Warren, Ed.D. of American Law Enforcement Training and Consulting Expert Report, Exhibit "C" at p. 11.

11.     Due to the Defendants' extreme misconduct as described by Justice Dougherty and Judge McDermott, the trial Court dismissed all charges against Officer Pownall.  *See* Exhibit "A."

12.     This is not the first time that these Defendants have manipulated facts, intentionally mislead a court, or otherwise sought to foster their own agenda while cloaked as "ministers of justice."

13.     At the same time these Defendants chose to implement their illegal and

---

1 Krasner's office has admitted, in *Commonwealth v. Wharton*, 2:01-cv-060049 (E.D.Pa. Sept. 12, 2022) (ECF No. 314) that they indeed have a "heightened duty" when addressing Brady materials: As Judge Goldberg wrote in his opinion sanctioning these defendants, "[T]he Office asserts that this heightened duty only applies to disclosures to the defense of exculpatory facts under *Brady v. Maryland*, 373 U.S. 83 (1963), and Pennsylvania Rule of Professional Conduct 3.8(d). (ECF No. 300-1 at 16.)"

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

POWNALL V. KRASNER, ET AL.
COMPLAINT

unconstitutional agenda, using Pownall as a pawn to further their own scheme, they were, just like in *Commonwealth v. Pownall*, violating their duty of candor to the Judges of the Eastern District of Pennsylvania in *Commonwealth v. Wharton*, 2:01-cv-060049 (E.D.Pa. Sept. 12, 2022) (ECF No. 314). *See* Exhibit "D."

14.     In assigning Rule 11 sanctions against the Defendants' office, Judge Goldberg held it was the "procedures implemented by the district attorney" that permitted prosecutors to mislead the court and obtain a result inconsistent with the District Attorney's mandate in the *Wharton* filings. Similarly, these same "procedures" permeated the unconstitutional mischief occasioned on Pownall in the underlying, dismissed litigation.

15.     Defendant Krasner's office's pattern and practice of intentionally misleading tribunals and whose own procedures mandate violations the Rules of Professional Conduct including an intentional lack of candor to the tribunal, as seen in *Pownall* and *Wharton*, resulted in Judge Goldberg concluding the *Wharton* Rule 11 Sanctions Opinion by writing the following:

I also find that the violation was sufficiently "egregious" and "exceptional" under the circumstances of this case to warrant sanctions under Rule 11.

. . . .

Local Civil Rule 83.6(V)(A) states the following:

When the misconduct or other basis for action against an attorney (other than as set forth in Rule 11) or allegations of the same which, if substantiated, would warrant discipline or other action against an attorney admitted to practice before this court shall come to the attention of a Judge of this court, whether by complaint or other-wise, and the applicable procedure is not otherwise mandated by these Rules, the judge shall refer the matter to the Chief Judge who shall issue an order to show cause.

**The Beasley Firm, LLC**
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (fax)
WWW.BEASLEYFIRM.COM

> For the reasons set forth above, this matter will be referred to the Chief Judge of this Court.

*See* Exhibit "D" at pp. 25, 28 at n. 8.

16.     The damage done to *Pownall* and our entire system of justice is irreparable; their intentional actions and omissions were maliciously designed and recklessly implemented to deprive Pownall of due process and repeatedly violate his constitutional rights; this was done solely for the improper purpose of advancing their own agenda.

17.     This extreme misconduct warrants compensatory and exemplary damages to compensate Pownall and strongly punish these Defendants to ensure that neither they nor those who may be empowered by their own agenda ever violate their mandate and public trust.

18.     As a result of the egregious and intentional violations of Pownall's constitutional rights identified in this complaint, Pownall, brings this action pursuant to 42 U.S.C. § 1983, and via his pendent state law claims.

## II.     JURISDICTION, VENUE, AND NOTICE

19.     This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1983 and 42 U.S.C. § 1988. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and/or 1343 (a) (3). The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.  The amount in controversy vastly exceeds the amount necessary to guarantee a jury trial, which is hereby demanded.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

20.     The events giving rise to the claims alleged in this Complaint arose in the County of Philadelphia, Pennsylvania.  Venue therefore lies in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391.

## III.   PARTIES

21.     Plaintiff, Ryan Pownall, is a resident of the Commonwealth of Pennsylvania, and citizen of the United States of America.

22.     At all times relevant hereto Defendant Lawrence S. Krasner ("Krasner") was a citizen of the United States and a resident of the Commonwealth of Pennsylvania.

23.     At all times relevant hereto, Krasner was acting under color of state law in his capacity as District Attorney employed by Defendant City of Philadelphia. Defendant Krasner is sued in his individual capacity.

24.     At all times relevant hereto Defendant Tracy Tripp ("Tripp") was a citizen of the United States and a resident of the Commonwealth of Pennsylvania.

25.     At all times relevant hereto, Tripp was acting under color of state law in her capacity as District Attorney employed by Defendant City of Philadelphia. Tripp is sued in her individual capacity.

26.     Defendant City of Philadelphia (The City) is a Pennsylvania municipal corporation and is the legal entity responsible for itself, the Office of the District Attorney for City of Philadelphia. The City is also responsible for the unidentified Philadelphia prosecutors who assisted and abetted Krasner and Tripp in violating Plaintiff's Constitutional Rights as described in this complaint.  This Defendant is a proper entity to be sued under 42 U.S.C. § 1983.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

27.     The City of Philadelphia (The City) is a local government subject to liability under 42 U.S.C. § 1983 for the unconstitutional conditions created by the defendants, acting directly and/or by and through their agents, servants, and employees.

28.     The City is a "person" for purposes of this lawsuit and is liable for the unconstitutional actions and clearly established constitutional deprivations described herein.

29.     All Defendants are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, false arrest, failures to intervene, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence, and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

30.     The Defendant City is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of those who assisted and abetted Krasner, Tripp, and/or Krasner's and Tripp's agents (actual or ostensible), servants, and/or employees described further herein, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

## IV.    FACTS

### A.      Plaintiff's Justification for Use of Deadly Force

31.     On June 8, 2017, at approximately 6:41pm, Pownall was working in his capacity as a Philadelphia police officer assigned to the 15th Police District.

32.     Pownall was in full police uniform and operating marked patrol unit, RPC

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

1519, and was transporting a father and his two minor children to the Special Victims Unit at 300 E. Hunting Park Avenue.

33.     While stopped at a red light at the intersection of Whitaker and Hunting Park Ave., Pownall observed a red dirt bike being illegally operated by David Jones and driving in a reckless manner.

34.     Mr. Jones' motorcycle stalled on the sidewalk adjacent to a club at 4210 Whitaker Ave, and Pownall exited his police vehicle to investigate Mr. Jones.

35.     As Pownall approached, Mr. Jones twisted his torso to his right side to either conceal or retrieve something from his waistband.

36.     Based upon his education, training, and experience, Pownall recognized Mr. Jones actions to be consistent with an individual concealing a weapon and reacted accordingly by grabbing Mr. Jones to protect his safety and the safety of others in the immediate area, including the father and two minor children in the rear of Plaintiff's police vehicle.

37.     Pownall immediately felt the outline of a handgun concealed in Mr. Jones' waistband and gave Mr. Jones multiple commands to stop resisting.

38.     The adult male in the rear of Pownall's police vehicle also shouted to Mr. Jones, "don't do it bro, don't do it."

39.     During this struggle, Pownall began to lose physical control over Mr. Jones and his concealed weapon.

40.     Pownall feared for his life and pulled his issued firearm and again ordered Mr. Jones to stop resisting but Mr. Jones failed to comply.

POWNALL V. KRASNER, ET AL.
COMPLAINT

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

41.     In response to Mr. Jones' actions, and in accord with Section 508, Pownall attempted to fire at Mr. Jones but his weapon misfired.

42.     Consistent with his education, training, and experience, Pownall cleared his firearm malfunction but momentarily lost sight of Mr. Jones and his concealed firearm.

43.     Ultimately, Mr. Jones continued to evade, and was shot.

44.     Mr. Jones was transported to Temple University Hospital and pronounced shortly thereafter.

45.     Police recovered a stolen firearm loaded with multiple live rounds of ammunition on the ground near where the encounter between Pownall and Mr. Jones occurred.

**B.      The Ensuing Law Enforcement Investigation**

46.     While the investigation proceeded, Kelley B. Hodge was elected by the Philadelphia Court of Common Pleas Board of Judges to serve as Interim District Attorney for the City of Philadelphia; Ms. Hodge was elected on July 20, 2017 and sworn in as District Attorney on July 24, 2017.

47.     Due to an apparent conflict of interest then-existing under Interim District Attorney Hodge and the Philadelphia District Attorney's Office, an investigation into this police-involved shooting was transferred to the Pennsylvania Office of Attorney General.

48.     In November 2017, Krasner won the general election for Philadelphia District Attorney.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

49.     On January 2, 2018, Krasner was sworn to office as the District Attorney of Philadelphia.

50.     When Krasner took control of the District Attorney's office, the Pownall file was transferred back to Krasner, Tripp, and the Philadelphia District Attorney's Office.

C.     **The Malicious Prosecution**

51.     After receiving the investigative file, Krasner, Tripp, and their agents, servants, and/or employees submitted the matter to the Twenty-Ninth County Investigating Grand Jury, impaneled pursuant to the Investigating Grand Jury Act, 42 Pa.C.S.A. § 4541 et. seq., to investigate the facts and circumstances surrounding the shooting and killing of David Jones on June 8, 2017.

52.     Based upon the evidence obtained and considered by the Investigating Grand Jury, and only after the defendants intentionally and deliberately deprived the grand jury of the necessary legal definitions or instructions, the members of the 29th Philadelphia County Investigating Grand Jury recommended the District Attorney institute criminal proceedings against Plaintiff Ryan Pownall and charge him with the following offenses:

- Criminal Homicide, 18 Pa.C.S.A. § 2501

- Possession of an Instrument of Crime, 18 Pa.C.S.A. § 907

- Recklessly Endangering Another Person, 18 Pa.C.S.A. § 2705.

53.     On September 5, 2018, Defendants charged Plaintiff with the murder of David Jones.

POWNALL V. KRASNER, ET AL.
COMPLAINT

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

54.     After charging Pownall with these crimes, the Defendants disingenuously asserted they had good cause to bypass the preliminary hearing under Pa.R.Crim.P. 565(A) because of the complexity of the case. *See* Exhibit "A" at p. 10.

55.     In furtherance of their illegal and unconstitutional agenda, the Defendants successfully moved to unseal their presentment, after criminally charging Pownall, then directed the press to the investigating grand jury's purported factual findings, knowing that such a salacious (and one-sided) news story would be covered by local and national news to advance Defendant Krasner's political agenda.

56.     The case was assigned to the Honorable Barbara A. McDermott who scheduled it for a trial date of January 6, 2020.

57.     After achieving the extensive local news coverage the Defendants desired and achieved, they next fought to keep the trial in Philadelphia before a Philadelphia jury, in an effort to "stack the deck" and secure a conviction against Pownall which the Defendants desperately desired.

58.     The only obstacle that remained in the Defendants' path to conviction was the legislatively authorized peace office justification defense.

59.     To prevent *any* finder of fact from considering this constitutional statute which negates the probable cause for arrest, "the DAO, in the District Attorney's own words, did something 'unusual' and 'creative' – it challenged Section 508 and its corresponding suggested jury instruction because it believed they are 'not fair.'" *See* Exhibit "B" at pp. 17-18 (*quoting* Pownall's Brief at 59).

60.     On November 24, 2019, a little more than a month before trial was set to

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**POWNALL V. KRASNER, ET AL.**
COMPLAINT

begin, yet "more than a year and two months after [Pownall]'s arrest ... and more than two years and five months after" Jones's death, Trial Court Op., 1/2/2020 at 2 n.2 – the District Attorney's Office informed the trial court and Pownall that it intended to file a motion seeking to bar use of the suggested standard jury instruction relative to the peace officer justification defense. The District Attorney's Office filed its motion *in limine* later that day.

61.     Justice Dougherty's special concurrence "pulled back the curtain" on the malicious conduct of these Defendants. Justice Dougherty explains:

> "[T]he DAO's motion in limine – much like the legal instructions it gave to the investigating grand jury – presented only half the relevant picture. This type of advocacy would be worrisome coming from any litigant. *See* Pa.R.P.C. 3.3. (providing that all attorneys have a duty of candor toward a tribunal). That is was the prosecution's doing is even more concerning, particularly in light of the motion's timing."

*See* Exhibit "B" at p. 16.

62.     Anticipating Plaintiff would pursue justification under 18 Pa.C.S. § 508 (setting forth circumstances in which a peace officer's use of deadly force while making an arrest is not a crime) Defendant Krasner filed a pretrial motion *in limine* seeking to preclude the trial court from using Suggested Standard Jury Instruction (Crim) §9.508B, which largely tracks 18 Pa.C.S. §508.

63.     The basis for this argument (recognized as an improper purpose by Justice Dougherty as identified in Exhibit "B,") – that Section 508 supposedly violated the Fourth Amendment to the United States Constitution based upon *their* interpretation of *Tennessee v. Garner*, 471 U.S. 1 (1985) – even though it was the law known to all

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

Philadelphia police officers at the time of the Pownall – Jones altercation.

64.    On December 18, 2019, Pownall through his counsel filed a motion to quash the grand jury presentment. Rather than responding to Pownall's motion, the Defendants made an unscheduled appearance before the trial court and demanded the court rule on its motion *in limine*.

65.    In doing so, the Defendants warned they'd take an interlocutory appeal – with or without the court's permission – should the court deny its motion. *See* Exhibit "B" at p. 16.

66.    The Defendants followed through on this threat and filed an improper appeal, thereby continuing their improper and malicious prosecution.

67.    As described above, while criminal charges were pending and Pownall awaited trial, the Defendants participated in the production of a documentary, "Philly D.A." focused on the District Attorney's Office, which aired during the Defendants' frivolous appeal.

68.    The Defendants' participation in "Philly DA" and the prejudicial commentary included an entire episode devoted to Pownall's case. These public comments served no legitimate law enforcement purpose and served only to "poison the well of public opinion." *See* Justice Dougherty Special Concurrence, Exhibit "B" at p. 17, n. 13.

69.    Justice Dougherty, in his special concurrence, stated the following:

"When combined with the other tactics highlighted throughout this concurrence, a compelling argument may be made that the DAO's decision to delay Pownall's trial further by taking an unauthorized interlocutory appeal was intended to deprive him of a fair and speedy trial."

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**POWNALL V. KRASNER, ET AL.**
COMPLAINT

*See* Exhibit "B" at pp. 16-17.

70.     In spite of the Defendants' well-known open-file discovery policy, especially in homicide investigations, in this case the Defendants concealed *Brady* evidence.

71.     The Defendants possessed and failed to provide Pownall and his lawyers the expert report of Gregory A. Warren, Ed.D. of American Law Enforcement Training and Consulting. *See* Exhibit "C."

72.     The existence of this expert report was only discovered after Pownall's lawyers asked whether the Defendants had an expert and expert report.

73.     Then, Warren's expert report was only provided to Pownall and his lawyers after Judge McDermott Ordered the Defendants to produce this *Brady* evidence.

74.     The Defendants concealed Expert Warren's report because it contradicted the disingenuous arguments they repeated to the tribunal and because it was fatal to the required probable cause to criminally charge Pownall.

75.     All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Plaintiff's federally protected rights; they were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of the Defendant City, acting under color of state law.

76.     As identified in this document and attached opinions, the Defendants have procedures to mislead the tribunal and others as necessary to foster their own activist

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

agenda, which includes an intentional deprivation of the accused's constitutional rights.

77.     As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, without limitation, the loss of constitutional and federal rights, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

78.     Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares, and flashbacks.

79.     Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their intentional, willful, malicious, wanton, reckless, and fraudulent conduct.

## V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**42 U.S.C. § 1983**
*False Arrest and Malicious Prosecution in violation of the Fourth and Fourteenth Amendments*
*(Defendants Krasner, Tripp, and the City of Philadelphia)*

80.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

81.     42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

82.     Plaintiff in this action is a citizen of the United States and all of the Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

83.     All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as prosecutors and/or law enforcement officers of the City of Philadelphia and their acts or omissions were conducted within the scope of their official duties or employment.

84.     At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

85.     Any reasonable prosecutor and/or prosecuting authority knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

86.     The individual Defendants violated Mr. Pownall's Fourth and Fourteenth Amendment rights to be free from false arrest and malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him resulting in his unlawful confinement and prosecution.

87.     The individual Defendants conspired and/or acted in concert to institute, procure, and continue a criminal proceeding for the criminal charges brought without probable cause against Mr. Pownall in an effort to conceal their prior violations of Mr.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

POWNALL V. KRASNER, ET AL.
COMPLAINT

Pownall's constitutional rights.

88.     Defendants engaged in the conduct described herein that was willful, malicious, in bad faith, and in complete and reckless disregard of Mr. Pownall's federally protected constitutional rights.

89.     The intentional procurement of prosecution against Pownall in spite of the lack of probable cause was malicious, disgraceful, outrageous, and shocking, in the light of the circumstances.

90.     Those criminal proceedings terminated in Pownall's favor. The Honorable Barbara A. McDermott dismissed the charges without any compromise by Pownall, reflecting the egregious conduct of the Defendant Krasner and their unidentified agents, servants, and/or employees before the grand jury which resulted in this miscarriage of justice.

91.     The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

92.     These individual Defendants acted in concert and joint action with each other.

93.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages as described herein.

94.     Defendants are not entitled to qualified immunity for the complained of conduct.

95.     The Defendants to this claim at all times relevant hereto were acting

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

POWNALL V. KRASNER, ET AL.
COMPLAINT

pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff.

96.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

97.    The Defendants, by their actions as set forth herein, intended to inflict irreparable damage to the Plaintiff's future, including employment, educational and social opportunities.

98.    As a direct and proximate result of the Defendants' malicious and outrageous conduct, as set forth herein, the Plaintiff has suffered irreparable damage to his future, including future employment, educational, and social opportunities.

99.    The Defendants have caused the injuries, damages and losses to the Plaintiff by their outrageous conduct; and, the Plaintiff is entitled to recover against the Defendants for the injuries, damages and losses set forth herein.

100.    As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including lost earnings, lost earning capacity, medically related expenses which are continuing, and other related expenses, in amounts to be established at trial.

101.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and pre-judgment interest as permitted by federal law. There may also be special damages for lien interests.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

POWNALL V. KRASNER, ET AL.
COMPLAINT

102.    In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully, or with a reckless or wanton disregard of Plaintiff's constitutional rights.

**WHEREFORE,** Plaintiff demands judgment against all Defendants and seeks, pursuant to 18 USC §2520, *et seq*., damages substantially in excess of the jurisdictional limit to guarantee a jury trial, punitive damages, and such other relief as this Honorable Court permits.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983
*Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Eighth, Fourteenth, and First Amendments*
*(Defendants Krasner, Tripp, and the City of Philadelphia)*

103.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

104.    42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

105.    Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

106.    In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 56 L.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

Ed. 2d 611, 98 S. Ct. 2018 (1978), the United States Supreme Court held that Congress intended municipalities and other local government entities to be included among those persons to whom § 1983 applies. 436 U.S. at 690.

107. Pownall had the following clearly established rights at the time of the complained of conduct:

a) the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

b) the right to be free from cruel and unusual punishment under the Eighth Amendment;

c) the right to be free from false arrest by police under the Fourth and Fourteenth Amendments; and

d) the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

108. The well-settled policies, procedures, customs, and/or practices created by these Defendants which permitted the outrageous actions with indifference to obvious and known constitutional violations include, without limitation:

a) illegally withholding *Brady* evidence;

b) intentionally and deliberately misleading the tribunal;

c) intentionally and deliberately depriving the grand jury and/or tribunal necessary and applicable legal instruction based upon constitutional Pennsylvania statutes and laws;

d) intentionally and deliberately offering public comment to poison potential jurors in violation of the Rules of Professional Conduct, 3.3 and 3.8;

e) policy and procedure to target peace officers as a function of furthering its own political agenda as recognized by Justice Dougherty; and

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

f)      to intentionally and deliberately deprive criminal defendants of due process and constitutional rights.

109.    The Defendants were at all relevant times acting under the color of state law.

110.    These Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

111.    These Defendants are not entitled to qualified immunity for the complained of conduct.

112.    These Defendants established policies, procedures, customs, and/or practices which permitted and encouraged the outrageous actions described in this Complaint.

113.    These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

114.    These Defendants tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its agents, servants, and/or employees in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

115.    The deliberately indifferent training and supervision provided by these Defendants, respectively, resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant City of Philadelphia and were moving forces in the constitutional injuries sustained by Plaintiff.

116.    As a direct and proximate result of these well-settled policies, procedures, customs, and/or practices identified above, these Defendants intentionally and consciously deprived Plaintiff of his constitutional rights as described herein.

117.    The acts or omissions of these Defendants, as described herein, intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

118.    As a direct result of these Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

119.    As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

120.    Upon information and belief, Plaintiff may suffer lost future earnings and impaired earning capacities from the not yet fully ascertained sequelae of his closed head injuries, in amounts to be ascertained in trial.

121.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

U.S.C. §1988 and pre-judgment interest permitted by federal law. There may also be special damages for lien interests.

**WHEREFORE,** Plaintiff demands judgment against all Defendants and seeks, pursuant to 18 USC §2520, *et seq*., damages substantially in excess of the jurisdictional limit to guarantee a jury trial, punitive damages, and such other relief as this Honorable Court permits.

### THIRD CLAIM FOR RELIEF
*Malicious and Outrageous Conduct*
*(Defendants Krasner and Tripp)*

122.    The Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

123.    The Defendants' actions as set forth herein, were malicious, outrageous, intolerable, and so extreme as to exceed all bounds of reasonableness and professionalism in civilized communities and societies.

124.    The Defendant's malicious and outrageous aforementioned acts and violations were a wanton and willful disregard for the rights and feelings of the Plaintiff.

125.    The only purpose of the Defendants' malicious and outrageous aforementioned acts was to permanently harm the Plaintiff and violate his rights.

126.    The Defendants, by their actions as identified in this complaint and the attached opinions, intended to inflict irreparable damage to the Plaintiff's person, future, reputation, name, honor, integrity, and respect within his community and any community he sought to belong in the future.

127.    As a direct and proximate result of the Defendants' malicious and

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

outrageous conduct, as set forth herein, the Plaintiff was forced to suffer, and will continue to suffer, all of the losses described herein.

**WHEREFORE,** Plaintiff demands judgment against all Defendants and seeks, pursuant to 18 USC §2520, *et seq*., damages substantially in excess of the jurisdictional limit to guarantee a jury trial, punitive damages, and such other relief as this Honorable Court permits.

## VI.    PRAYER FOR RELIEF

128.    Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

a) compensatory damages for pain and suffering, disfigurement, emotional distress, fear, humiliation, and loss of enjoyment of life on all claims allowed by law in an amount to be determined at trial;

b) economic losses on all claims allowed by law;

c) special damages in an amount to be determined at trial;

d) punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

e) attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988;

f) pre- and post-judgment interest; and

g) any further relief that this court deems just and proper.

## VII.    NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANTS TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS,

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

POWNALL V. KRASNER, ET AL.
COMPLAINT

COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Respectfully submitted,

**THE BEASLEY FIRM, LLC**

BY: _____

JAMES E. BEASLEY, JR.
PA. ID No.: 83282
LOUIS F. TUMOLO
PA. ID No.: 314255
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (telefax)
Attorneys for Plaintiff

Date:   19 October 2022

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM