# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : CP-51-CR-0007307-2018 |
| | : |
| v. | : |
| | : |
| RYAN POWNALL | : |

STATEMENT OF
FINDINGS OF FACT AND CONCLUSIONS OF LAW

**McDermott, J.**                                                                                             **October 17, 2022**

**Findings of Fact**

Following the death of the decedent, David Jones, on June 8, 2017, the Philadelphia District Attorney's Office began an investigation of the Defendant, former Philadelphia Police Officer Ryan Pownall. On August 23, 2018, the Twenty-Ninth County Investigating Grand Jury returned Presentment No. 4 recommending that the District Attorney's Office institute criminal proceedings against the Defendant and charge him with Criminal Homicide, Reckless Endangering Another Person ("REAP"), and Possession of an Instrument of Crime ("PIC").[1]

On September 4, 2018, a criminal complaint was filed against the Defendant, alleging crimes of Criminal Homicide, REAP, and PIC. On September 13, 2018, the Commonwealth filed a Petition to File Bills of Information without a Preliminary Hearing, more commonly referred to as a Bypass Motion. On October 11, 2018, after the Defendant filed Objections and oral argument was held, the Honorable Robert P. Coleman, the Supervising Judge of the Investigating

---

[1] 18 Pa.C.S. § 2501, 18 Pa.C.S. § 2705, and 18 Pa.C.S. § 907, respectively.

1

Grand Jury, granted the Commonwealth's Petition, and dismissed the charge of First-Degree Murder.[2]

The instant case then proceeded through the normal progression of a criminal case. Despite a total of thirteen listings over a year and two months following the filing of the criminal complaint, the Commonwealth did not file any motions regarding the Use of Force in Law Enforcement justification defense under 18 Pa.C.S. § 508. During this time, this Court conducted two mock jury selections on August 6, 2019 and November 25, 2019 as part of the Defendant's Change of Venue Motion. On November 25, 2019, the Commonwealth filed a Motion *in Limine* seeking to preclude this Court from issuing a jury instruction on the defense of justification under Section 508.

On that same day, the Defendant filed a Motion seeking the transcripts and materials from the Grand Jury proceedings. *See* 234 Pa. Code Rule 230(B)(3).[3] On December 11, 2019, Judge Coleman granted the Defendant's Motion and the materials were delivered to the Defendant on December 12, 2019. On December 18, 2019, within a week of receiving the transcripts, the Defendant filed a Motion to Quash the Presentment and for Dismissal of All Charges. Before this Court could rule on the Defendant's Motion to Quash, the Commonwealth demanded a ruling on its Motion *in Limine*, which this Court denied, and filed an interlocutory appeal on December 31, 2019 certifying that this Court's denial of their Motion *in Limine* terminated or substantially handicapped the prosecution.

---

[2] This Court was unable to review the Notes of Testimony from October 11, 2018 as they were lost by the Court Reporter and unable to be recovered.
[3] "Upon appropriate motion of a defendant in a criminal case, the court shall order that the transcript of any testimony before an investigating grand jury that is exculpatory to the defendant, or any physical evidence presented to the grand jury that is exculpatory to the defendant, be made available to such defendant." 234 Pa. Code Rule 230.

2

On September 4, 2020, the Pennsylvania Superior Court agreed with this Court and quashed the Commonwealth's interlocutory appeal on the grounds that, *inter alia*, the Commonwealth had failed to establish that this Court's Order would terminate or substantially handicap the prosecution. The Commonwealth's subsequent Petition for Allowance of Appeal to the Pennsylvania Supreme Court was granted on April 20, 2021. On July 20, 2022, the Pennsylvania Supreme Court also agreed with this Court and affirmed the Superior Court's order quashing the Commonwealth's appeal. The Pennsylvania Supreme Court found that the Commonwealth's appeal was not permissible under Rule 311(d) because the Commonwealth's asserted substantial hardship was speculative, and this Court's Order did not have a tangible or practical effect on the Commonwealth's ability to prosecute the case. The Supreme Court also found that the interlocutory appeal was not authorized by Rule 313(b) because the Commonwealth failed to prove that its issue on appeal was entirely distinct from the Defendant's potential guilt or innocence of the crimes charged.

Following the Pennsylvania Supreme Court's Ruling, on July 22, 2022, this Court held a trial readiness conference which was continued to August 1, 2022 after the Commonwealth stated that it was still considering whether to appeal to the United States Supreme Court. On July 28, 2022, the Commonwealth filed an Application for Stay of Remand seeking to stay remand of the record to this Court for ninety-days pending review in the United States Supreme Court. The August 1, 2022 trial readiness conference was also continued as the Commonwealth still had not decided whether it would file a writ of *certiorari*. On August 5, 2022, the Commonwealth's Application was denied by the Pennsylvania Supreme Court. On August 10, 2022, this Court held another trial readiness conference and scheduled a jury trial for November 7, 2022.[4]

---

[4] Although this Court was aware that the record had not been remanded yet, given the lengthy delays in the case, this Court gave the earliest possible date for a trial when this Court would have jurisdiction.

On October 7, 2022, this Court held oral argument on all pretrial motions. At that time, this Court granted two and denied one of the Commonwealth's pretrial motions.[5] Upon the Commonwealth's request to provide testimony from witnesses regarding the quashing of the presentment, oral argument was then continued to October 11, 2022. At that time, the Commonwealth presented the testimony of former Assistant District Attorneys ("ADA") Sybil Murphy, Esq., who was the supervisor of all the District Attorney's Office's Grand Jury proceedings at that time, and Tracy Tripp, Esq., who presented the instant case to the Grand Jury proceedings. Both former ADAs were present when the presentment was read to and approved by the Grand Jury.

At the time of the Grand Jury proceedings in this case, the Commonwealth had a well-established protocol of reading the proposed crimes to the Grand Jury and providing copies of the statutes defining the elements of each of the crimes to the grand jurors. This protocol was not followed in the instant case. The Commonwealth did not read any of the charges to the Grand Jury or provide the Grand Jury with the statutes for First-Degree Murder, Third-Degree Murder, Voluntary Manslaughter, or Involuntary Manslaughter. Nor did the Commonwealth define malice or the mental states required for the different degrees of murder. The Commonwealth also failed to inform the grand jurors about the Use of Force in Law Enforcement justification defense under Section 508.

Tracy Tripp was the ADA assigned to oversee the Defendant's case, which was her first homicide case and her first Grand Jury investigation. While former ADA Tripp believed that she had printed out the statutes for each offense and left them on the table for the grand jurors to

---

[5] This Court denied the Commonwealth's Pa.R.E 404(b) Motion to introduce evidence from the Defendant's Internal Affairs file, which included a 2010 shooting incident, which was found to be an approved use of force by Internal Affairs, and any referrals or civilian complaints against the Defendant regardless of whether they resulted in any discipline.

4

review, this Court rejects her assertion as the Notes of Testimony from August 23, 2018 show that former ADA Tripp did not read the charges to the Grand Jury or provide copies of the relevant statutes.

After reading Presentment No. 4 to the Grand Jury, she stated that, "we'll provide you the statutes for the three crimes that could potentially be included under criminal homicide generally." N.T. 8/23/2018 at 25. Her use of the word "we'll" clearly indicates that the Commonwealth would provide the grand jurors with the statutes at some point in the future, not that the statutes had already been provided to the grand jurors or that the statues were being provided at that time. Former ADA Tripp also incorrectly stated that she would provide the statutes for the *three* crimes that could potentially be included under criminal homicide generally when there were actually *four* crimes that applied in this case.

The record is devoid of any evidence which shows that the statutes for First-Degree Murder, Third-Degree Murder, Voluntary Manslaughter, and Involuntary Manslaughter were ever read to or provided to the grand jurors. While the Commonwealth attached definitions to the final page of the presentment, the Commonwealth neglected to include the definitions for any of the potential charges under Criminal Homicide and simply provided the definitions for REAP and PIC. The fact that the presentment included the statutory language for REAP and PIC, but not for murder or manslaughter is further proof that the Commonwealth did not provide the Grand Jury with the appropriate statutes, elements, and definitions of the potential charges.

Former ADA Tripp's assertion that she left the statutes for the Grand Jury was indirectly contradicted by former ADA Murphy's testimony. Former ADA Murphy, the then-supervisor of the Special Investigations Unit who oversaw all Grand Jury proceedings for the District Attorney's Office, was present in the Grand Jury room on August 23, 2018 when the

5

presentment was read to the grand jurors. She did not provide the statutes to the grand jurors and could not remember anyone providing the Grand Jury with a copy of the appropriate statutes and definitions.

The Commonwealth made an intentional, deliberate choice not to inform the grand jurors about the justification defense under Section 508. While former ADA Tripp was aware of Section 508 and its applicability to the Defendant's case at the time of the Grand Jury proceedings, she decided not to advise the Grand Jury about Section 508 after consulting with other, more senior Assistant District Attorneys.

The Notes of Testimony also establish that former ADA Tripp neglected to bring the exhibits from the Defendant's case for the grand jurors to review in making their decision. She left the room to retrieve the exhibits, but, due to the swiftness of the Grand Jury's decision to approve the presentment, she did not have an opportunity to return before the presentment was issued. The Grand Jury began its deliberations on Presentment No. 4 at 12:48 p.m. and approved Presentment No. 4 just twelve minutes later at 1:00 p.m. The fact that Presentment No. 4 was returned in only twelve minutes supports this Court's conclusion that the grand jurors did not have enough time to review the statutes.

**Conclusions of Law**

A prosecutor has a duty to be fair to the accused and candid to the courts. Prosecutors cannot provide an inaccurate and misleading statement of the law to the tribunal. This is especially true in *ex parte* proceedings, such as Grand Juries, where a prosecutor must "inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse." 204 Pa. Code Rule 3.3(e). Prosecutors are ethically and legally obligated to ensure that the Grand Jury is provided with an accurate

6

statement of the law as the Grand Jury can only fulfill its obligations by having a proper understanding of the law.

The Commonwealth committed multiple errors throughout the Grand Jury process that prejudiced the Defendant. First and foremost, the Commonwealth failed to provide the Grand Jury with the statutes for First-Degree Murder, Third-Degree Murder, Voluntary Manslaughter, and Involuntary Manslaughter. The Grand Jury was never provided with the elements of each of these offenses, the definition of malice, or the definitions of the required mental states for the different degrees of criminal homicide as well as the Use of Force in Law Enforcement justification defense under Section 508. In this case, without the elements of the crimes under Criminal Homicide generally, the appropriate definitions, and the justification defense in Section 508, the Grand Jury was unable to properly determine whether the Commonwealth established a *prima facie* case for each of the charges in Presentment No. 4.

Besides failing to provide the definitions of the charges, the Commonwealth also failed to fulfill its prosecutorial duties by deciding not to advise the Grand Jury about the justification defense under Section 508. Section 508 is different from the general justification defense available to defendants as it is a justification defense which applies exclusively to the use of force in law enforcement. There is no question that Section 508 was constitutional at the time of the alleged crime in this case and the Commonwealth knew it was a viable defense that the Defendant would invoke. However, the Commonwealth made no attempt to raise this issue for more than a year and three months after the Grand Jury approved the presentment. It was not until November 25, 2019, about six weeks before trial, that the Commonwealth first raised this issue when it filed its pretrial Motion *in Limine*.

Despite being well aware of the fact that Section 508 was a justification defense available to the Defendant, the Commonwealth decided not to inform the Grand Jury about this defense. In certifying its interlocutory appeal, the Commonwealth stated that the application of Section 508 would terminate or substantially handicap the prosecution. Regardless of whether the Commonwealth was successful on appeal, the justification defense in Section 508 would still apply to the Defendant's case as it would amount to an *ex post facto* law otherwise.[6] The Commonwealth cannot subsequently represent that this defense would terminate or substantially handicap its prosecution, but refuse to advise the Grand Jury about it.[7]

While there is a dearth of case law on this issue in Pennsylvania because investigating grand juries are rarely used to institute criminal proceedings, this Court's conclusion that the Commonwealth was required to advise the Grand Jury about the justification defense under Section 508 is supported by case law in other jurisdictions. *See State v. Hogan*, 764 A.2d 1012, 1024 (App. Div. 2001) ("a prosecutor's obligation to instruct the grand jury on possible defenses is a corollary to his responsibility to present exculpatory evidence."); *see also People v. Torres*, 252 A.D.2d 60, 65, 686 N.Y.S.2d 375 (1999) ("Where the evidence supports a defense of justification, it must be charged."); *People v. Goetz*, 68 N.Y.2d 96, 115 (1986) ("where the evidence suggests that a complete defense such as justification may be present, the prosecutor must charge the grand jurors on that defense, providing enough information to enable them to determine whether the defense, in light of the evidence, should preclude criminal prosecution,")

As a result of the Commonwealth's actions, the Grand Jury was denied an opportunity to determine whether the justification defense applied and whether the Commonwealth still made a

---

[6] *Ex post facto* laws are prohibited under Article 1, Section 10, Clause 1 of the United States Constitution.
[7] The Commonwealth was still ready to proceed to trial after receiving an adverse ruling on appeal despite arguing that the application of the jury instruction for Section 508 would terminate or substantially handicap their prosecution.

*prima facie* case despite this defense. The failure to provide the appropriate materials and advise about the relevant law resulted in prejudice to the Defendant. The Defendant's due process rights under the Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution were violated by the Commonwealth's errors during the Grand Jury proceedings, which were compounded by the lack of a preliminary hearing in this case. These errors could have been cured by a preliminary hearing, but the Commonwealth denied the Defendant this right by filing a Bypass Motion.

According to the statute governing investigating Grand Jury presentments, a defendant has a right to a preliminary hearing following a presentment.[8] *See* 42 Pa.C.S. § 4551(e). Under Section 4551(e), "[w]hen the attorney for the Commonwealth proceeds on the basis of a presentment… the defendant *shall* be entitled to a preliminary hearing as in other criminal proceedings." Pennsylvania courts have recognized this right and that a preliminary hearing can cure prejudice that may have occurred during the Grand Jury proceedings. *See In re Dauphin Cnty. Fourth Investigating Grand Jury*, 19 A.3d 491, 506 (Pa. 2011) ("the defendant would be entitled to a preliminary hearing following the filing of criminal charges based upon the presentment under the Investigating Grand Jury Act, 42 Pa.C.S. § 4551(e), which would further ameliorate any alleged prejudice suffered by him."); *see also In re Cnty. Investigating Grand Jury* VIII, 2003, No. 03 MISC 140, 2005 WL 3985351, at *16 (Pa. Com. Pl. Oct. 25, 2005) ("the Pennsylvania Investigating Grand Jury Act entitles a defendant to a preliminary hearing following the filing of criminal charges based upon the presentment, *see* 42 Pa.C.S. § 4551(e), and as a result, [defendant's] criminal charges must withstand an independent review by a Magisterial District Judge.").

---

[8] A defendant's right to a preliminary hearing has also been recognized in 234 Pa. Code Rule 540(F)(2) and Rule 541.

In its Motion to bypass the preliminary hearing, the Commonwealth demonstrated a lack of candor to the Court by misstating the law and providing Judge Coleman with incorrect caselaw. The case the Commonwealth cited for the proposition that a Grand Jury presentment is a constitutionally permissible and reasonable alternative to a preliminary hearing, *Commonwealth v. Bestwick*, 414 A.2d 1373 (Pa. 1980), expressly stated in footnote 2 that the bypass issue had been settled by the legislature enacting 42 Pa.C.S. § 4551(e)[9], which expressly states that a defendant shall be entitled to a preliminary hearing following a presentment. Section 4551(e) did not apply in *Bestwick* because it was not enacted until four years after the defendant was convicted, but it did apply to cases arising after its enactment.

The Commonwealth was also disingenuous with the Court when it asserted that it had good cause to bypass the preliminary hearing under Pa.R.Crim.P. 565(A) because of the complexity of the case, the large number of witnesses the Commonwealth would have to call, the expense, and the delay caused by a preliminary hearing. The comment to Rule 565(A) specifically states that the use of the bypass procedure is limited to exceptional circumstances only. A preliminary hearing in this case would not have been significantly different than many preliminary hearings in other homicide cases and would not have imposed an undue burden on the Commonwealth or caused a significant delay. Almost every preliminary hearing involving murder charges requires the Commonwealth to subpoena multiple police personnel and a Medical Examiner, and there is nothing showing that the burden on the Commonwealth to produce witnesses would have been any greater in the instant case.[10]

---

[9] 42 Pa.C.S. § 4551(e) went into effect on December 4, 1980.
[10] It is rare that a Medical Examiner testifies at a preliminary hearing as the parties usually stipulate to the Medical Examiner's conclusions unless there an issue regarding causation, which was not at issue in this case.

Based on the testimony referenced in the presentment, the Commonwealth called approximately twelve witnesses to testify before the Grand Jury. If a preliminary hearing had been held, the Commonwealth would not have had to call every witness it presented to the Grand Jury. The Commonwealth likely would have shown the video of the incident and introduced testimony from the civilian who witnessed the shooting and a police officer with knowledge of the incident and the subsequent investigation. Even if the Commonwealth were required to call a dozen witnesses, this is not good cause to bypass a preliminary hearing as it would not impose an undue burden on the Commonwealth or result in significant expense or delay.

This Court rejects the Commonwealth's assertion at oral argument that the supervising judge's acceptance of the presentment and dismissal of a charge renders the presentment meaningless and a preliminary hearing unnecessary. While the Commonwealth is correct that a supervising judge must accept a presentment and, in this case, the supervising judge also dismissed the First-Degree Murder charge, this does not nullify the Defendant's right to a preliminary hearing.

The Commonwealth's Affidavit of Probable Cause in this case relied exclusively upon the presentment. It is also unclear if Judge Coleman was aware of the justification defense when he accepted the presentment and dismissed the First-Degree Murder charge as there is nothing showing that Judge Coleman was ever informed about Section 508. The acceptance of a presentment by a supervising judge does not satisfy the need for a preliminary hearing. If a preliminary hearing had been held, the Defendant would have raised the justification defense and a neutral and detached magistrate could then determine whether probable cause existed in light of the justification defense. As a preliminary hearing was not held in this case, the Defendant's due process rights were violated and the Defendant suffered prejudice.

This Court's decision to quash the presentment does not bar the Commonwealth from rearresting the Defendant on the same or similar criminal charges as it is this Court's conclusion that any prejudice suffered by the Defendant can be cured by providing him with a preliminary hearing.

For the foregoing reasons, the Defendant's Motion to Quash is GRANTED and all charges are DISMISSED.

BY THE COURT,

_____
Barbara A. McDermott

*Commonwealth v. Ryan Pownall,* CP-51-CR-0007307-2018

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing filing upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

        Philadelphia District Attorney's Office
        Three South Penn Square
        Philadelphia, PA 19107
        Attn: Lyandra Retacco & Vincent Corrigan

**Type of Service:**    **Inter-office Mail**

        Charles Gibbs, Brian McMonagle, & Fortunato Perri
        McMonagle, Perri, McHugh, Mischak, & Davis, P.C.
        1845 Walnut Street, 19th Floor
        Philadelphia, PA 19103

**Type of Service:**    **Regular Mail**

**Dated: October 17, 2022**

_____

**Sean McFadden**
**Law Clerk to the**
**Honorable Barbara A. McDermott**