# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN POWNALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2:22-cv-04191 GAM |
| | ) | |
| LAWRENCE S. KRASNER, TRACY TRIPP, and | ) | |
| THE CITY OF PHILADELPHIA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS LAWRENCE S. KRASNER AND TRACY TRIPP'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Dated:    January 4, 2023

David Smith (Attorney I.D. 21480)
Anne E. Kane (Attorney I.D. 81872)
Samantha Banks (Attorney I.D. 319401)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
 (215) 751-2000
dsmith@schnader.com
akane@schnader.com
sbanks@schnader.com

*Attorneys for Defendants Lawrence S. Krasner and Tracy Tripp*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ..................................................................................................................... 2

I. The Fatal Shooting ....................................................................................................... 2

II. The Grand Jury Presentment ........................................................................................ 3

III. The Criminal Proceedings ............................................................................................ 3

IV. Pownall's Complaint .................................................................................................... 5

ARGUMENT .......................................................................................................................... 5

I. This Court Should Dismiss Mr. Pownall's § 1983 Claims Against the District
Attorney Defendants for Failure to State a Claim. ........................................................ 5

   A. The District Attorney Defendants Are Entitled to Absolute Immunity for Conduct in
Their Role as Advocates ......................................................................................... 6

     1. The District Attorney Defendants' Conduct Before the Grand Jury Is Protected by
Absolute Immunity ........................................................................................... 7

     2. The District Attorney Defendants' Conduct During the Prosecution Is Protected by
Absolute Immunity ........................................................................................... 9

   B. The District Attorney Defendants Are Immune From Suit For All Conduct Depicted
in the Philly DA Documentary. ............................................................................... 10

   C. The District Attorney Defendants Join In and Incorporate by Reference Certain of
the City's Arguments Regarding Mr. Pownall's § 1983 Claims. .................................. 13

II. This Court Should Dismiss Mr. Pownall's State-Law Claim under Rules 8
and 12(b)(6). ............................................................................................................... 13

   A. The District Attorney Defendants Are Immune From Suit Under Pennsylvania Law. ..... 13

     1. The Doctrine of High Public Official Immunity ................................................... 14

     2. Statutory Immunity under the Pennsylvania Political Subdivision Tort Claims Act ... 15

   B. Mr. Pownall Has Not Pleaded an Identifiable State-Law Claim Against the District
Attorney Defendants. .............................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baraka v. McGreevey*,
  481 F.3d 187 (3d Cir. 2007)...................................................................................6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................................12

*Binsack v. Lackawanna County Prison*,
  438 F.App'x 158 (3d Cir. 2011)...........................................................................15

*Burns v. Reed*,
  500 U.S. 478 (1991)................................................................................................6

*C.J. v. Willingboro Pub. Sch. Dist. Bd. of Educ.*,
  No. 1:20-cv-04272-JHR-AMD, 2022 U.S. Dist. LEXIS 36749 (D.N.J. Feb.
  28, 2022) ...............................................................................................................12

*Cornell Companies, Inc. v. Borough of New Morgan*,
  512 F. Supp. 2d 238 (E.D. Pa. 2007) ...................................................................14

*Durham v. McElynn*,
  772 A.2d 68 (Pa. 2001)........................................................................................14

*Feingold v. SEPTA*,
  517 A.2d 1270 (Pa. 1986).....................................................................................16

*Gray v. Great Valley Sch. Dist.*,
  102 F. Supp. 3d 671 (E.D. Pa. 2015) ...................................................................16

*Imbler v. Pachtman*,
  424 U.S. 409 (1976)..................................................................................... *passim*

*Kalina v. Fletcher*,
  522 U.S. 118 (1997)................................................................................................9

*King v. Timmoney*,
  263 F. Supp. 2d 977 (E.D. Pa. 2003) .....................................................................6

*Kulwicki v. Dawson*,
  969 F.2d 1454 (3d Cir. 1992)............................................................................6, 8, 9

law. *Groman v. Twp. of Manalapan*,
  47 F.3d 628 (3d Cir. 1995)..............................................................................5, 13

*Markowitz v. Ne. Land Co.*,
    906 F.2d 100 (3d Cir. 1990)...................................................................................6

*Mitchell v. Luckenbill*,
    680 F. Supp. 2d 672 (M.D. Pa. 2010) ..................................................................15

*Munchinski v. Solomon*,
    747 F. App'x 53 (3d Cir. 2018) ...........................................................................10

*Odd v. Malone*,
    538 F.3d 202 (3d Cir. 2008).............................................................................7, 9

*Reitz v. Cty. of Bucks*,
    125 F.3d 139 (3d Cir. 1997)...............................................................................11

*Rocks v. City of Philadelphia*,
    868 F.2d 644 (3d Cir. 1989)..................................................................................6

*Rose v. Bartle*,
    871 F.2d 331 (3d Cir. 1989)............................................................................8, 9

*Sanford v. Stiles*,
    456 F.3d 298 (3d Cir. 2006)...............................................................................15

*Schneyder v. Smith*,
    653 F.3d 313 (3d Cir. 2011)..................................................................................7

*Schrob v. Catterson*,
    948 F.2d 1402 (3d Cir. 1991)................................................................................6

*Segers v. Williams*,
    12 F. Supp. 3d 734 (E.D. Pa. 2014) ...................................................................11

*Shane v. Fauver*,
    213 F.3d 113 (3d Cir. 2000)...............................................................................13

*Tennessee v. Garner*,
    471 U.S. 1 (1985)............................................................................................3, 4

*The Choice Is Yours, Inc. v. The Choice Is Yours*,
    No. 14-01804, 2015 U.S. Dist. LEXIS 127362 (E.D. Pa. Sep. 21, 2015) ................14

*Tshudy v. Pennsylvania State Univ.*,
    2022 WL 17084384 .........................................................................................15

*Tshudy v. Pennsylvania State Univ.*,
    No. 22-01431, 2022 U.S. Dist. LEXIS 210040 (M.D. Pa. Nov. 18, 2022) ..............15

*Van de Kamp v. Goldstein*,
  555 U.S. 335 (2009)...........................................................................................10

*Weimer v County of Fayette*,
  972 F.3d 177 (3d Cir. 2020)............................................................................6, 7

**Statutes**

18 Pa. C.S. § 508...........................................................................................3, 8, 10

42 Pa. C.S. § 4641 *et. seq.*................................................................................8

42 Pa. C.S. § 8545...........................................................................................15

42 U.S.C. § 1983................................................................................... *passim*

Defendants Lawrence S. Krasner and Tracy Tripp (the "District Attorney Defendants") submit this memorandum of law in support of their motion to dismiss the claims against them in the Amended Complaint pursuant to Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This case arises out of the tragic death of David Jones, who was shot in the back as he was running away from an altercation with plaintiff Ryan Pownall, who was then a Philadelphia police officer.   The Philadelphia District Attorney's Office (the "DAO") empaneled a grand jury to investigate the case and brought criminal homicide charges against Mr. Pownall based on the grand jury presentment.   After the trial court quashed the presentment for procedural irregularities and dismissed the charges with leave to refile, Mr. Pownall filed this action against the City of Philadelphia (the "City") and the District Attorney Defendants (in their individual capacities), seeking compensatory and punitive damages under 42 U.S.C. § 1983 and Pennsylvania law.   Mr. Pownall contends that his arrest and prosecution were wrongful, malicious, and unconstitutional because his use of deadly force allegedly was reasonable and justified.

The Amended Complaint must be dismissed as to the District Attorney Defendants for the following reasons:

***First***, the District Attorney Defendants are entitled to absolute immunity for conduct as advocates in connection with the grand jury and criminal proceedings.   *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983").   Accordingly, even if Mr. Pownall's allegations of intentional misconduct and procedural unfairness are accepted as true for the limited purpose of this motion, Mr. Pownall has not and cannot state a prima facie § 1983 claim based on the facts alleged.

**Second**, Plaintiff's state-law claim for "malicious and outrageous conduct" fails to plead an identifiable cause of action under Pennsylvania law, and, in any event, state-law tort liability on the conduct alleged is barred by the doctrine of high official immunity and Pennsylvania's Political Subdivision Tort Claims Act.  In these circumstances, granting Mr. Pownall leave to amend this claim would be futile.

## BACKGROUND[1]

### I.      The Fatal Shooting

According to the Amended Complaint, Mr. Pownall was transporting a father and two young children in his patrol vehicle on June 8, 2017.  Am. Compl. ¶¶ 36-37.  While stopped at a red light, Mr. Pownall observed David Jones illegally operating a dirt bike and saw him stall the bike in front of a nearby business.  Am. Compl. ¶¶ 38-39.  Mr. Pownall exited his vehicle and approached Mr. Jones.  Am. Compl. ¶ 39.  As he approached, Mr. Pownall observed Mr. Jones twist his torso to either conceal or retrieve something from his waistband.  Am. Compl. ¶ 40.  Mr. Pownall grabbed Mr. Jones, felt the outline of a concealed handgun in Mr. Jones' waistband, and commanded Mr. Jones to stop resisting.  Am. Compl. ¶¶ 41-42.  In the ensuing struggle, Mr. Pownall lost physical control of Mr. Jones.  Am. Compl. ¶ 44.  Mr. Pownall then pulled his firearm and fired at Mr. Jones, but his weapon misfired.  Am. Compl. ¶ 46.  As Mr. Jones ran away from Mr. Pownall, Mr. Pownall cleared his firearm of the jam, and fatally shot Mr. Jones in the back. Am. Compl. ¶¶ 47-49.  A video of the incident shows the fatal shooting.  Am. Compl. Ex. A, p. 11.

---

[1]      The allegations of wrongful, malicious, and unconstitutional conduct in the Amended Complaint are taken as true for the limited purpose of this motion to dismiss and will be denied as baseless and unfounded should the Amended Complaint survive this motion to dismiss.

## II.      The Grand Jury Presentment

The DAO submitted the matter to the Twenty-Ninth Philadelphia County Investigating Grand Jury (the "Grand Jury").  Am. Compl. ¶ 61.  The Grand Jury heard the testimony of a dozen witnesses and viewed the video of the incident.  Am. Compl. Ex. A, p. 11.  On August 23, 2018, the Grand Jury returned a presentment, recommending that Mr. Pownall be charged with several crimes, including criminal homicide.  Am. Compl. ¶ 69.  The Grand Jury supervising judge reviewed the presentment and signed a warrant for Mr. Pownall's arrest.  Am. Compl. Ex. E p. 93:18-20.

## III.     The Criminal Proceedings

The DAO filed a criminal complaint against Mr. Pownall based on the presentment.  Am. Compl. ¶ 70.  Shortly thereafter, the DAO filed a bypass motion, seeking a court order permitting the case to proceed without a preliminary hearing.  Am. Compl. ¶ 71; Am. Compl. Ex. A p. 10. Over Mr. Pownall's objection, the supervising judge granted this request.  Am. Compl. Ex. A. pp. 1-2.  The supervising judge also modified the homicide charge from criminal homicide generally to murder in the third degree.  Am. Compl. Ex. A, p. 2; Am. Compl. Ex. E, p. 8 -16.  Mr. Pownall was then granted bail and placed on house arrest pending trial.  Am. Compl. Ex. E, p. 8 -16.

Anticipating that Mr. Pownall would argue at trial that the shooting was justified, the DAO filed a pretrial motion seeking an order modifying the use of the standard jury instruction for the peace officer justification defense under 18 Pa. C.S. § 508.  Am. Compl. ¶¶ 76-79; Am. Compl. Ex. A, p. 2. The DAO argued that elements of the § 508 justification defense relating to the use of deadly force were unconstitutional under *Tennessee v. Garner*, 471 U.S. 1 (1985), and proposed

an alternative instruction.  Am. Compl. ¶ 80.  The trial court denied the DAO's motion and the

DAO stated its intent to file an interlocutory appeal.[2]  Am. Compl. ¶ 83.

In this same timeframe, Mr. Pownall moved to quash the presentment and dismiss all

charges.  Am. Compl. ¶ 81.  Among other things, Mr. Pownall argued that that the presentment

was defective and that probable cause could not be determined without a preliminary hearing.  Am.

Compl. Ex. A, p. 2, 4-5.  Resolution of this motion was deferred during the pendency of DAO's

interlocutory appeal.  *Id.* at p. 3.  The trial court released Mr. Pownall from house arrest in late

December 2019/early January 2020.  *Id.*; Am. Compl. Ex. E, pp. 96:19-97:3.

The case returned to the trial court in August 2022, and the trial court scheduled a hearing

on all outstanding motions.  Am. Compl. Ex. A, pp. 3-4.  On October 11, 2022, after testimony

and argument regarding the alleged procedural defects in connection with the Grand Jury

presentment and probable cause determination, the trial court quashed the presentment and

dismissed the charges with leave to refile.  *Id.* at p. 4.  In dismissing the case, the trial court

emphasized that the DAO was "still entitled to pursue the charges against [Mr. Pownall]."  Am.

Compl. Ex. E, p. 107:1-2.

> This Court's decision to quash the presentment does not bar the Commonwealth
> from rearresting the Defendant on the same or similar criminal charges as it is this
> Court's conclusion that any prejudice suffered by the Defendant can be cured by
> providing him with a preliminary hearing.

Compl. Ex. A, p. 12.

---

[2]      The DAO filed an appeal to the Superior Court on December 31, 2019, seeking immediate interlocutory review of the trial court's denial of the motion *in limine*.  Am. Compl. Ex. A, p. 2. The Superior Court quashed the appeal on September 4, 2020, finding that the DAO had not established the necessary predicate for an interlocutory appeal.  *Id.*  The DAO appealed this decision to the Pennsylvania Supreme Court, which affirmed the quashal of the appeal on July 20, 2022.  *Id.* at p.3.

**IV.     Pownall's Complaint**

A few days later, on October 19, 2022, Mr. Pownall commenced this civil action against the City and the District Attorney Defendants, seeking compensatory and punitive damages under 42 U.S.C. § 1983 (Counts I and II) and Pennsylvania law (Count III). In Count I, Mr. Pownall alleges that the City and District Attorney Defendants (in their individual capacities) willfully and deliberately violated his federal constitutional rights under the Fourth and Fourteenth Amendments by arresting and prosecuting him without probable cause.  In Count II, Mr. Pownall alleges that the City and District Attorney Defendants (in their individual capacities) willfully and deliberately maintained policies and practices that encouraged wrongful conduct in violation of the First, Fourth, Eighth, and Fourteenth Amendments.  In Count III, Mr. Pownall purports to bring an undefined state law claim against the District Attorney Defendants for "malicious and outrageous" conduct.

## ARGUMENT

**I.      This Court Should Dismiss Mr. Pownall's § 1983 Claims Against the District Attorney Defendants for Failure to State a Claim.**

The Court should dismiss Counts I and II as to the District Attorney Defendants because they are entitled to absolute immunity for their conduct as advocates on behalf of the Commonwealth and Mr. Pownall has failed to plead any other facts that would entitle him to relief under § 1983.

Section 1983 provides a remedy against state or local officials who violate federal rights under color of state law. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995).  In Counts I and II of the Amended Complaint, Mr. Pownall contends that his use of deadly force in the fatal shooting of Mr. Jones was justified, and that his subsequent arrest and prosecution on

behalf of the Commonwealth was wrongful, malicious and in violation of his federal constitutional rights.

On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true the facts alleged in the complaint" and draw all reasonable inferences from them "in the light most favorable to the non-moving party." *King v. Timmoney*, 263 F. Supp. 2d 977, 979 (E.D. Pa. 2003); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). However, a court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). Dismissal is warranted if the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *Markowitz v. Ne. Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).

### A.    The District Attorney Defendants Are Entitled to Absolute Immunity for Conduct in Their Role as Advocates

Mr. Pownall's § 1983 claims against the District Attorney Defendants fail as a matter of law because prosecutors are entitled to absolute immunity for conduct in their role as advocates. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"); *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (citations omitted) (stating a prosecutor enjoys absolute immunity for those "actions performed in a quasi-judicial role," which includes in-court activity "as well as selected out-of-court behavior intimately associated with the judicial phase" of the criminal process).[3]

---

[3]    By comparison, a prosecutor is entitled to qualified immunity for actions taken in a purely investigative or administrative capacity. *Imbler*, 424 U.S. at 430; *see, e.g.*, *Burns v. Reed*, 500 U.S. 478, 492-96 (1991) (prosecutor entitled to qualified immunity for providing "legal advice to the police" regarding the interrogation of a suspect under hypnosis); *Weimer v County of Fayette*, 972 F.3d 177, 192 (3d Cir. 2020) (prosecutor entitled to qualified immunity for advice to police to investigate the timing of a bite mark); *Schrob v. Catterson*, 948 F.2d 1402,

At the motion to dismiss stage, "the conduct triggering absolute immunity [must] 'clearly appear on the face of the complaint'" and the official seeking immunity bears the burden of showing that the conduct qualifies for immunity. *Weimer v. Cnty. of Fayette, Pennsylvania*, 972 F.3d 177, 187 (3d Cir. 2020) (internal citations omitted).  To determine whether absolute immunity applies, the court must undertake a two-step functional analysis.  First, the court must determine "what conduct forms the basis for the plaintiff's cause of action and . . . then determine what function (prosecutorial, administrative, investigative or something else entirely) that act served." *Schneyder v. Smith*, 653 F.3d 313, 332 (3d Cir. 2011); *see also Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (citations omitted) (emphasizing that this inquiry focuses on "the nature of the function performed, not the identity of the actor who performed it").

In support of his § 1983 claims, Mr. Pownall alleges that the District Attorney Defendants: (1) provided the Grand Jury with false and incomplete information to secure a presentment and arrest; and (2) engaged in unfair litigation tactics in the ensuing prosecution.  As discussed in detail below, the conduct alleged by Mr. Pownall (stripped of Mr. Pownall's opinions of that conduct) represents core prosecutorial functions that are subject to absolute immunity.

## 1.    *The District Attorney Defendants' Conduct Before the Grand Jury Is Protected by Absolute Immunity*

Mr. Pownall contends that the District Attorney Defendants violated his constitutional rights in connection with the Grand Jury proceedings by (1) presenting supposedly false and/or contradictory evidence to the Grand Jury (Am. Compl. ¶¶ 64, 67);[4] and (2) failing to provide the

---

1420 (3d Cir. 1991) (prosecutor may be entitled to qualified immunity for statements made to the press).

[4]     Mr. Pownall fails to identify this supposedly false and contradictory evidence in the Amended Complaint.

investigating Grand Jury with the relevant legal definitions and criminal statutes, including but not limited to the § 508 justification defense (Am. Compl. ¶¶ 9, 12, 64, 69).  Even assuming that this conduct occurred exactly as alleged (and it did not), Mr. Pownall's allegations cannot sustain his § 1983 claims.

Under the law of this Circuit, a prosecutor's presentation of evidence and law to a grand jury clearly is a core prosecutorial function protected by absolute immunity.  *See Kulwicki*, 969 F.2d at 1465 ("examples of prosecutorial activities protected by absolute immunity" include the evaluation and presentation of evidence in grand jury proceedings); *Rose v. Bartle*, 871 F.2d 331, 344 (3d Cir. 1989) (grand jury presentations are part of the preparation necessary to present a case and therefore are immunized as involving the prosecutor's advocacy functions); *Imbler*, 424 U.S. at 431 n. 33 ("the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom").  Such protected conduct necessarily includes a prosecutor's judgment regarding the law and instructions to be provided to a grand jury for its deliberations.

Mr. Pownall appears to contend that the District Attorney Defendants' conduct was "investigative" rather than "prosecutorial" because the empaneled Grand Jury was an "investigative" body whose role was akin to that of "investigating detectives."[5]  *See* Am. Compl.

---

[5]      The procedure for obtaining a grand jury presentment is set forth in the Investigating Grand Jury Act (the "Act").  *See* 42 Pa. C.S. § 4641 *et. seq*.  Under the supervision of the designated "supervising judge," the Act authorizes an empaneled grand jury to "inquire into offenses against the criminal laws of the Commonwealth" that are "brought to the attention of such grand jury by the court or by the attorney for the Commonwealth."  *Id*. § 4542 (defining role of "supervising judge"), § 4548(a) (defining powers of investigating grand jury).  If the grand jury determines "that upon the basis of evidence presented to it a presentment should be returned against an individual," the grand jury requests "the attorney for the Commonwealth to prepare a presentment."  *Id*. § 4551(a).  A presentment is a "written formal recommendation" that "specific persons be charged with specific crimes."  *Id*. § 4542.  Any presentment approved by the grand jury is then submitted

¶¶ 5, 7-8.  To the contrary, as discussed above, the prosecutor's role before the Grand Jury must be determined by function, not labels.  *See Odd*, 538 F.3d at 208; *see also Rose*, 871 F.2d at 345 ("The mere invocation of the catch-word 'investigatory,' however cannot . . . forestall dismissal on immunity grounds").  Indeed, the Third Circuit expressly held in *Rose* that a prosecutor's conduct before an "investigating" grand jury is quasi-judicial in nature and protected by absolute immunity.  In *Rose*, the Montgomery County district attorney instituted grand jury proceedings to investigate allegations of misconduct in the sheriff's office and the grand jury ultimately issued presentments recommending charges against the plaintiffs.  *Id.* at 335-36.  After the charges were resolved in their favor, the plaintiffs sued for malicious prosecution under § 1983, alleging, among other things, that the prosecutors had solicited and presented false testimony to the investigating grand jury.  *Id.* at 343-45.  The Third Circuit affirmed the dismissal of the § 1983 claim, holding that the prosecutors were absolutely immune from suit for their conduct in connection with the investigating grand jury.  *Id.*; *see also Kulwicki*, 969 F.2d at 1464-65 (absolute immunity applies to the solicitation and presentation of evidence to a grand jury); *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (absolute immunity applies to prosecutor's activities in connection with preparing and submitting charging documents).

Accordingly, the District Attorney Defendants are absolutely immune from any § 1983 claim arising out of their conduct in grand jury proceedings.

### 2. *The District Attorney Defendants' Conduct During the Prosecution Is Protected by Absolute Immunity*

Mr. Pownall also alleges that the District Attorney Defendants violated his constitutional rights in the court of common pleas criminal proceedings.  In support of his § 1983 claims, he

---

to the supervising judge.  *Id.* § 4551(a).   The supervising judge will issue an order accepting the presentment if the presentment complies with the Act.  *Id.*

points to the following conduct and court filings: (1) the bypass motion (Am. Compl. ¶¶ 3, 9, 71); (2) the motion to unseal the Grand Jury presentment (Am. Compl. ¶ 72); (3) the opposition to Mr. Pownall's request for a change of venue (Am. Compl. ¶ 74); (4) the motion *in limine* seeking to modify the standard jury instruction for the § 508 justification defense (Am. Compl. ¶¶ 76-80, 83-84); and (5) the withholding of a draft expert witness report that contained an exculpatory opinion (Am. Compl. ¶ 15; Am. Compl. Ex. C).  All of this alleged conduct clearly falls within the District Attorney Defendants' responsibilities as advocates during the judicial process.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009) (finding prosecutors absolutely immune from claims arising from conduct "directly connected with the conduct of a trial" that "necessarily require[d] legal knowledge and the exercise of related discretion"); *Imbler*, 424 U.S. 410, 438 (White concurring) (a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is absolutely immune from suit under § 1983 even if the decision to prosecute "was malicious and without probable cause"); *Munchinski v. Solomon*, 747 F. App'x 53, 58 (3d Cir. 2018) ("a prosecutor is entitled to absolute immunity from suit—even when he intentionally withholds evidence that is exculpatory under *Brady"*).

Accordingly, the District Attorney Defendants are also absolutely immune from any § 1983 claim arising out of the criminal proceedings following the Grand Jury presentment.

**B.    The District Attorney Defendants Are Immune From Suit For All Conduct Depicted in the Philly DA Documentary**.

In July 2021, while the interlocutory appeal was before the appellate court, PBS aired an episode of the documentary "Philly DA" that focused on the community response to Mr. Jones' fatal shooting and the prosecution of Mr. Pownall.  *See* Am. Compl. ¶¶ 14, 89.  The episode includes footage of an actual meeting between ADA Tripp and the Jones family in which she briefly describes Mr. Pownall's anticipated § 508 justification defense in a colloquial manner,

including that the statute is "a little crazy" because "it says you're allowed to shoot them in the back when they are running away." *Id.* at ¶ 85. Mr. Pownall contends that this commentary shows that the District Attorney Defendants knew that there was no probable cause for his prosecution. *Id.* at ¶¶ 84-86.

Any conduct of the District Attorney Defendants depicted in the Philly DA documentary that might arguably be outside the scope of absolute immunity is protected by qualified immunity. To the extent that the Philly DA documentary recorded the District Attorney Defendants preparing to prosecute Mr. Pownall, Mr. Pownall has not and cannot point to any conduct by the District Attorney Defendants shown in the documentary that falls outside these immunity protections and purportedly violates his constitutional rights.

As discussed above, prosecutors are absolutely immune from claims arising from conduct directly connected with the preparation for and the conduct of a prosecution. *See generally*, *Imbler*, 424 U.S. 410. The documentary shows the District Attorney Defendants preparing for the prosecution, working with the Jones' family, and evaluating litigation strategies. *See* Am. Compl. ¶¶ 14, 89, 90. Such core prosecutorial functions are protected by absolute immunity and Pownall's allegations of malice do not change that fact. *See supra* § I(A).

Prosecutors are also generally afforded qualified immunity for statements to the press and other administrative and/or investigatory functions that do not qualify for absolute immunity. *Segers v. Williams*, 12 F. Supp. 3d 734, 738 (E.D. Pa. 2014) (*quoting Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Under the doctrine of qualified immunity, prosecutors are shielded from liability if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Reitz v. Cty. of Bucks*, 125 F.3d 139, 146-47 (3d Cir. 1997) (internal quotation marks and citations omitted). To the extent that Mr. Pownall seeks

to impose liability under § 1983 for media statements captured in the documentary, the District Attorney Defendants are protected by qualified immunity.

Even making all inferences in his favor, Mr. Pownall's allegations do not tie the airing of this documentary to the alleged constitutional violations underlying his § 1983 claims. *See* Am. Compl. ¶¶ 14, 89, 90. The documentary aired in July 2021 (Am. Compl. ¶ 14), almost three years after the August/September 2018 Grand Jury presentment and his September 2018 arrest, and 18 months after he was released from house arrest in December/January 2020. Mr. Pownall makes no allegation that the conduct captured in the documentary had any impact on either the prosecution or defense of his criminal case. Any suggestion that this program tainted the jury pool and will prejudice Mr. Pownall at some point in a future criminal matter is speculative and premature, and unrelated to Mr. Pownall's § 1983 claims.[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must allege facts that raise a right to relief above the speculative level to survive a 12(b)(6) motion to dismiss); *see also C.J. v. Willingboro Pub. Sch. Dist. Bd. of Educ.*, No. 1:20-cv-04272-JHR-AMD, 2022 U.S. Dist. LEXIS 36749, at *48 (D.N.J. Feb. 28, 2022) (*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)) (holding that 1983 claims could not survive motion to dismiss where plaintiff could not plead that he had suffered an injury in fact as a result of the defendants' conduct).

Because Mr. Pownall is left with no allegations of misconduct to support his § 1983 claims, other than those that fall within the immunity protections for prosecutors, those claims should therefore be dismissed.

---

[6]     In the Amended Complaint, Mr. Pownall suggests that other unidentified press statements by the District Attorney Defendants also allegedly tainted the jury pool. Am. Compl. ¶¶ 14, 72, 90. These allegations are equally speculative and premature. Moreover, as discussed above, the District Attorney Defendants have qualified immunity for any claims arising out of statements to the press.

### C.     The District Attorney Defendants Join In and Incorporate by Reference Certain of the City's Arguments Regarding Mr. Pownall's § 1983 Claims.

Although the District Attorney Defendants are immune from suit as discussed above, Mr. Pownall's § 1983 claims also fail to comply with federal pleading standards for the reasons set forth in the memorandum of law submitted by the City in support of its motion to dismiss Mr. Pownall's Amended Complaint.  *See* City Mem. of Law , Section B.3 (Count I of the Amended Complaint is defective for conflating two separate causes of action and failing to state a plausible Fourteenth Amendment claim); Section C.2 (Count II is defective because Mr. Pownall has failed to adequately plead his constitutional claims).  The District Attorney Defendants incorporate by reference the arguments and authorities cited by the City and request, in the alternative, that this Court dismiss Counts I and II on these grounds under Rule 12(b)(6).

## II.    This Court Should Dismiss Mr. Pownall's State-Law Claim under Rules 8 and 12(b)(6).

In Count III of the Amended Complaint, Mr. Pownall asserts a purported right to relief against the District Attorney Defendants for "malicious and outrageous conduct" without identifying a cause of action.  This Court should dismiss Count III because (1) the District Attorney Defendants are immune from suit under Pennsylvania law and (2) Mr. Pownall has failed to plead an identifiable state-law claim.

### A.     The District Attorney Defendants Are Immune From Suit Under Pennsylvania Law.

Even if Mr. Pownall could plead a viable state law claim against the District Attorney Defendants on the facts alleged, the District Attorney Defendants are immune from suit under state law.  The Court should therefore dismiss Count III with prejudice.  *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (discussing the dismissal of a complaint where plaintiff could not plead any set of facts that could give rise to liability).

### 1.     *The Doctrine of High Public Official Immunity*

The doctrine of high public official immunity shields the District Attorney Defendants from liability for Mr. Pownall's state-law tort claim – whatever it may be.   Under Pennsylvania law, "high public officials are immune from suits seeking damages for actions taken or statements made in the course of their official duties."   *Durham v. McElynn*, 772 A.2d 68, 69 (Pa. 2001); *see also Cornell Companies, Inc. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 275 (E.D. Pa. 2007) (emphasizing that high public official immunity is "unlimited" and bars all claims including those alleging bad faith or malice).   District attorneys and assistant district attorneys are entitled to absolute immunity under this doctrine for all conduct within the scope of their authority. *Durham*, 772 A.2d at 69 (applying doctrine to hold assistant district attorney immune from liability for conduct during a prosecution that allegedly violated the constitutional rights of the accused); *see also The Choice Is Yours, Inc. v. The Choice Is Yours*, No. 14-01804, 2015 U.S. Dist. LEXIS 127362, at *17-23 (E.D. Pa. Sep. 21, 2015) (applying doctrine to hold district attorney immune from liability for conduct during his oversight over an alternative jail program). Although Mr. Pownall's Amended Complaint uses colorful and conclusory language to allege that the District Attorney Defendants willfully and maliciously violated his constitutional rights, the conduct alleged is, as a matter of law, within the scope of their employment, and the District Attorney Defendants are therefore entitled to immunity.   *See Durham*, 772 A.2d at 69; *The Choice Is Yours, Inc.*, 2015 U.S. Dist. LEXIS 127362, at *17-23.   Whatever Mr. Pownall's state-law claim purports to be, it fails as a matter of law because the District Attorney Defendants are protected by high public official immunity.

### 2.    *Statutory Immunity under the Pennsylvania Political Subdivision Tort Claims Act*

Under the Pennsylvania Political Subdivision Tort Claims Act (the "Tort Claims Act"), district attorneys are generally immune from liability so long as the act(s) at issue were within the scope of the district attorney's employment.  42 Pa. C.S. § 8545; *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006).  As detailed above, the conduct of the District Attorney Defendants alleged in the Amended Complaint was within the scope of their employment and prosecutorial discretion.  *See Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010) (stating that conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is actuated, at least in part, by a purpose to serve the employer).

### B.    Mr. Pownall Has Not Pleaded an Identifiable State-Law Claim Against the District Attorney Defendants.

Even if immunity were not a bar to Mr. Pownall's state-law tort claim, the Court should dismiss Mr. Pownall's state-law claim under Rule 8.  Dismissal under Rule 8 is proper when a complaint leaves "the defendants having to guess what of the many things discussed constitute[s ]. . . " a cause of action. *Binsack v. Lackawanna County Prison*, 438 F.App'x 158, 160 (3d Cir. 2011)); *Tshudy v. Pennsylvania State Univ.*, No. 22-01431, 2022 U.S. Dist. LEXIS 210040 at *11 (M.D. Pa. Nov. 18, 2022).  That is precisely the case here.  To adequately respond to the Complaint, the District Attorney Defendants would have to guess as to which cause of action Mr. Pownall is alleging, and that is not their responsibility.  Forcing the District Attorney Defendants – and the Court – to do so is grounds for dismissal under Rule 8.  *Tshudy v. Pennsylvania State Univ.*, 2022 WL 17084384 at *11.[7]

---

[7]    To the extent that Count III is a claim for punitive damages, it must be dismissed under Rule 12(b)(6) because Pennsylvania law does not permit a separate claim for punitive damages.

**CONCLUSION**

For the foregoing reasons, the District Attorney Defendants respectfully request that the

Court dismiss the claims against them in the Amended Complaint with prejudice.

Respectfully submitted,

**SCHNADER HARRISON SEGAL & LEWIS LLP**

*/s/ David Smith*
David Smith (Attorney I.D. 21480)
Anne E. Kane (Attorney I.D. 81872)
Samantha Banks (Attorney I.D. 319401)
1600 Market Street, Suite 3600
Philadelphia, PA 19103

*Counsel for Defendants*
*Lawrence S. Krasner and Tracy Tripp*

Date: January 4, 2023

---

*Gray v. Great Valley Sch. Dist.*, 102 F. Supp. 3d 671, 680 (E.D. Pa. 2015) (dismissing improperly pleaded claim for punitive damages as a separate cause of action); *Feingold v. SEPTA*, 517 A.2d 1270, 1276 (Pa. 1986).