**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RYAN POWNALL,<br><br>                                Plaintiff,<br><br>         v.<br><br>LAWRENCE S. KRASNER, TRACY TRIPP, AND THE CITY OF PHILADELPHIA,<br><br>                                Defendants. | No.  2:22-cv-04191 GAM |

## <u>ORDER</u>

**AND NOW,** this _____ day of _____, 2023, upon consideration of Plaintiff's Response in Opposition to Defendants Lawrence S. Krasner and Tracy Tripp's Motion to Dismiss Plaintiff's Amended Complaint, and any response, it is hereby **ORDERED** that Defendants' Motion is **DENIED.**

**BY THE COURT:**

_____

THE HONORABLE GERARD A. MCHUGH, U.S.D.C

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS  ...................................................................................................i

TABLE OF AUTHORITIES ......................................................................................... ii

I. INTRODUCTION.........................................................................................................1

II. FACTUAL BACKGROUND.......................................................................................2

    A.  OFFICER POWNALL'S DEADLY ENCOUNTER WITH DAVID JONES .........................................2

    B.  THE ENSUING LAW ENFORCEMENT INVESTIGATION ....................................3

    C.  THE MALICIOUS AND UNCONSTITUTIONAL CONDUCT  .................................4

    D.  SUBORNING FALSE TESTIMONY BEFORE THE GRAND JURY; EXPERT
        WARREN'S REPORT vs. PRESENTMENT NO. 4 ....................................................7

    E.  LEGAL INSTRUCTIONS INTENTIONALLY WITHHELD FROM GRAND
        JURORS.....................................................................................................................10

    F.  TRIAL AND APPELLATE COURT HISTORY. ....................................................... 11

    G.  THE EXTRAJUDICIAL PUBLIC RELATIONS CAMPAIGN .................................13

    H.  THE WIN-AT-ALL-COSTS CULTURE: DELIBERATELY INDIFFERENT
        POLICIES, PRACTICES, CUSTOMS, TRAINING AND SUPERVISION..............13

III. LEGAL ARGUMENT ...............................................................................................13

    A. THE CONTROLLING LEGAL STANDARD ............................................................13

    B. POWNALL'S CLAIMS ARE WELL-PLED AND EASILY WITHSTAND THE
       STANDARDS OF A MOTION TO DISMISS.............................................................14

      1. The DAO Defendants Are Not Entitled To Absolute or Qualified Immunity.....15

      2. The DAO Defendants' Investigative Function Bars Absolute Immunity...........16

      3. The DAO Defendants' Conduct Violated Clearly Established Constitutional
         Rights ..............................................................................................................19

      4. The DAO Defendants' Extrajudicial Statements Made in Filming of "Philly DA"
Documentary Are Not Immune.................................................................................23

IV. CONCLUSION ....................................................................................................... 24

i

## TABLE OF AUTHORITIES

### CASES

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). ....................................................14

*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)................................................2, 18, 19, 20

*Burns v. Reed*, 500 U.S. 478 (1991) ........................................................................ 15, 16, 18

*Crockett v. Cumberland College*, 316 F.3d 571 (6th Cir. 2003) ....................................... 22

*Fogle v. Sokol*, 857 F.3d 148 (3d Cir. 2020) ....................................................................20

*Forrester v. White*, 484 U.S. 219 (1988) ...........................................................................15

*Hampton v. Chicago*, 484 F.2d 602 (CA7 1973) ............................................................. 16

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)....................................................................... 19

*Harris v. Bornhorst*, 513 F.3d 503 (6th Cir. 2008)......................................................... 22

*Helstoski v. Goldstein*, 552 F.2d 564 (3d Cir. 1977) ...................................................... 23

*Imbler v.  Pachtman*, 424 U.S. 409 (1976).......................................................15, 16, 18, 19

*Mayer v. Belichick*, 605 F.3d 223 (3d Cir. 2010) ............................................................14

*McGovern v. City of Phila.,* 554 F.3d 114 (3d Cir.2009)................................................2, 14

*Prince v. Hicks*, 198 F.3d 607 (6th Cir. 1999)................................................................... 18

*Rieves v. Town of Smyrna*, 959 F.3d 678 (6th Cir. 2020) .................................................12

*Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989) ....................................................................20

*Saucier v. Katz*, 533 U.S. 194 (2001) ............................................................................... 19

*Schrob v. Catterson*, 948 F.2d 1402 (3d Cir. 1991) ........................................................ 23

*Tennessee v. Garner*, 471 U.S. 1 (1985) ...........................................................................12

*Waters v. City of Morristown*, 242 F.3d 353 (6th Cir. 2001) ...........................................20

### STATUTES

18 P C.S.A § 907................................................................................................. 7

18 P C.S.A § 2501............................................................................................... 7

18 P C.S.A § 2705............................................................................................... 7

42 U.S.C. § 1983.......................................................................................... 1, 14

## **<u>RULES</u>**

Pa.R.Crim.P. 565(A) ....................................................................................... 11

Pa.R.P.C. 3.8(e) .............................................................................................. 23

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN POWNALL<br><br>Plaintiff<br>v.<br><br>LAWRENCE S. KRASNER, TRACY TRIPP, AND THE CITY OF PHILADELPHIA.<br><br>Defendants. | No.  2:22-cv-04191 GAM |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSTION TO DEFENDANTS LAWRENCE S. KRASNER AND TRACY TRIPP'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

## I.   INTRODUCTION

Ryan Pownall filed this action under 42 U.S.C. § 1983 for damages from Defendants Lawrence S. Krasner and Tracey Tripp (sometimes referred to as "DAO Defendants") for suborning false testimony before an investigating grand jury, withholding other critical evidence from the grand jury's consideration, and intentionally disregarding their duty-bound obligation to charge that grand jury with the necessary legal instructions regarding a police officer's justification for use of force and the definitions of murder. Now, the DAO Defendants attempt to retroactively claim their investigatory conduct was absolutely protected, merely because they obtained a presentment, a product of their malicious constitutional violations, and they initiated judicial proceedings against Pownall by charging him with the murder of David Jones.

The Motion to Dismiss at bar by the DAO Defendants seeks dismissal of the case based upon prosecutorial immunity, which, however, is *not* this case – not the one actually set forth in the well-pleaded factual averments of the Amended Complaint.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

Indeed, their serial arguments for dismissal rest on a series of fiction, all of which are belied by the pleading itself **and** by their own admissions as to the *investigative capacity* they were functioning in at the time they violated Pownall's constitutional rights.

The Defendant's Motion must be dismissed for the following reasons:

***First***, the DAO Defendants are not entitled to absolute or qualified immunity for conduct in an investigative capacity akin to the function of a detective. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).

***Second***, the DAO Defendants were objectively unreasonable by abusing grand jury powers to empanel a grand jury and suborn false testimony while simultaneously withholding expert opinions and necessary legal instructions to obtain a presentment and prosecute Pownall for murder.

## II.    FACTUAL BACKGROUND

All of the factual allegations cited, *infra* § II, come directly from Plaintiff's Amended Complaint and must be taken as true. See, *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009).

### A.    Officer Pownall's Deadly Encounter With David Jones

On June 8, 2017, at approximately 6:41pm, Plaintiff, Ryan Pownall ("Pownall"), was working in his capacity as a Philadelphia police officer assigned to the 15th Police District. ¶ 36. While stopped at a red light at the intersection of Whitaker and Hunting Park Ave., Pownall observed a red dirt bike being illegally operated by David Jones ("Jones") and driving in a reckless manner. ¶ 38. Jones' motorcycle stalled on the

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

sidewalk adjacent to a club at 4210 Whitaker Ave., and Pownall exited his police vehicle to investigate. ¶ 39.

As Pownall approached, Jones twisted his torso to conceal or retrieve something from his waistband. ¶ 40. Based upon his education, training, and experience, Pownall recognized Jones' actions to be consistent with an individual concealing a weapon and reacted accordingly by grabbing Jones to protect his safety and the safety of others in the immediate area, including the father and two minor children in the rear of Pownall's police vehicle. ¶ 41. Pownall immediately felt the outline of a handgun in Jones' waistband and ordered Jones to stop resisting. ¶ 42. A struggle ensued and Pownall lost physical control over Jones. ¶ 44. Pownall reasonably feared for his life, removed his firearm, and again ordered Jones to stop resisting but Jones did not comply. ¶ 45. Jones attempted to flee and, in response, Pownall attempted to fire his weapon at Jones but the weapon misfired. ¶ 46. Pownall cleared his firearm malfunction but in doing so momentarily lost sight of Jones and his firearm. ¶ 47.

Ultimately, Jones continued to flee and was shot by Pownall. ¶ 48. Jones was transported to Temple University Hospital and pronounced dead shortly thereafter. ¶ 49. Police recovered a stolen firearm loaded with multiple live rounds on the ground near where the encounter between Pownall and Jones occurred. ¶ 50.

## B.     The Ensuing Law Enforcement Investigation

Consistent with police protocol, Pownall's use of deadly force was investigated by the Philadelphia police department. During that period, Kelley B. Hodge was elected and sworn to office on July 24, 2017, as the District Attorney of Philadelphia. ¶ 51. Due

**The Beasley Firm, LLC**
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (fax)
www.beasleyfirm.com

3

RYAN POWNALL V. LAWRENCE S. KRASNER, ET. AL.
PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS LAWRENCE S. KRASNER AND TRACY TRIPP'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

to a conflict of interest with DA Hodge, the investigation of this police-involved shooting was transferred to the Pennsylvania Office of Attorney General ("OAG"). ¶ 52.

In November 2017, Defendant Lawrence S. Krasner ("Krasner") won the general election for Philadelphia District Attorney. ¶ 54. On January 2, 2018, Defendant Krasner was sworn to office as the District Attorney of Philadelphia ("Phila. DAO"). ¶ 54. At this time, the investigation into the death of Jones was complete and the OAG had not charged Pownall with any crimes.

After Krasner took office, the Pownall investigation was transferred back to the Phila. DAO. ¶ 55. Defendant Tracy Tripp ("Tripp") was an assistant district attorney in the Phila. DAO in January 2018. ¶ 30. Tripp was assigned the Pownall file.

### C.    The Malicious and Unconstitutional Conduct

By January 2018, it had been more than 6 months since Pownall shot Jones. All potential witnesses were identified and interviewed. The only decision that remained was for Attorney General Joshua Shapiro ("Shapiro") and his office to determine whether Pownall should be charged with a crime. ¶ 56. Shapiro and the OAG never charged Pownall with a crime for the shooting death of Jones. Eventually Krasner requested the investigatory file be transferred back to the Phila. DAO. ¶ 57. As requested, Shapiro and the OAG sent the investigatory file back to the Phila. DAO.

The DAO Defendant's retained an expert witness Gregory A. Warren Ed.D. of American law Enforcement Training and Consulting ("Warren") to opine whether Pownall's use of force was justified or if criminal charges should be filed. ¶ 93. The DAO Defendants recognized that 18 Pa.C.S. Section 508, which sets forth the circumstances

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

4

in which a peace officer's use of deadly force while make an arrest is not a crime, applied and Pownall's shooting was justified. ¶ 79.

Warren provided the DAO Defendants a written report setting forth his expert opinions. **In his report Warren, the DAO Defendants own retained expert**, **concluded that Pownall's use of deadly force was justified:**

> However, with **all of the facts presented in this case at this time**, it is my professional opinion that Officer Pownall acted in accordance with the [sic] statutory laws of the State of Pennsylvania and within the confines and structure of the U.S. Supreme Court's rulings on the use of deadly force by law enforcement officers. I therefore conclude that Officer **Pownall's use of deadly force in this case was justified**.

¶ 15. (emphasis added).

After having failed to obtain sufficient evidence to support Pownall's arrest through their expert, Krasner remained determined to meet his political agenda and deliver on campaign promises. Met with this legal roadblock to prosecution of Pownall – **knowing they, therefore, could not in fact, proceed with the prosecution** – Krasner and Tripp conspired to utilize the powers of the Investigating Grand Jury Act, 42 Pa.C.S.A. § 4541, to obtain a presentment and finally charge Pownall with crimes for Jones' death.  ¶¶'s 61, 63. Submission to the investigative grand jury required Krasner and Tripp to submit a notice to the supervising judge alleging that the matter in question be brought to the attention of the investigating grand jury because the *investigative resources of the grand jury are necessary for proper investigation*. ¶ 62 (internal quotations and citations omitted).

However, the investigation was complete before submission to the investigative grand jury. The DAO Defendants submission to the grand jury was necessary to

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

circumvent the roadblock constructed by the witness statements, Warren's expert opinion, and the law – all which the DAO Defendants knew and recognized demonstrated a lack of probable cause to arrest Pownall. ¶¶'s 59, 65.

The DAO Defendants last resort to create probable cause was to empanel a grand jury and alter the evidence to support the criminal charges they remained steadfast on filing. After the DAO Defendants frivolous interlocutory appeal, the case returned to the Court of Common Pleas for further hearings on a pending motion to quash the presentment filed by Pownall and to be scheduled for trial. At a hearing before the Honorable Barabara McDermott, the malicious constitutional violations during the grand jury process were exposed. Krasner and Tripp, through their agents, when questioned about their conduct in the investigating grand jury which led to the criminal charges against Pownall conceded the following:

> "And I say that because as Your Honor pointed out last week, at this stage, *the investigative grand jury was a fact-finding vehicle.* ***It is the functional equivalent of the investigating that a detective would do when they are creating the affidavit of probable cause and then <u>submitting it into</u> the District Attorney's Office*** to then convert into a criminal complaint and submit to a judge for signing whether or not there's probable cause for an arrest."

¶ 5.

> . . .

> "It's simply an evidence gathering tool. It's the equivalent, as Ms. Retacco said, of investigating detectives collecting together as much evidence as they can ..."

¶ 7.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

Judge McDermott dismissed the criminal charges against Pownall, and in Her 17 October 2022 Statement of Findings of Fact and Conclusions of Law, found **"[t]he Commonwealth's Affidavit of Probable Cause in this case relied exclusively upon the presentment."** ¶ 3. (emphasis added). As discussed *infra*., Krasner and Tripp relied "exclusively upon the presentment," obtained with the aid of their malicious conduct and constitutional violations, because probable cause to arrest Pownall did not otherwise exist.

### D.   Suborning False Testimony Before the Grand Jury: Expert Warren's Report vs. Presentment No. 4

A comparison of Warren's expert report to Presentment No. 4 underscores the constitutional violations and malicious conduct of the DAO Defendants. Because Pownall was justified in his use of deadly force, the DAO Defendants suborned false witness testimony before the investigating grand jury to support probable cause. ¶ 67. In doing so, Krasner and Tripp disregarded well-established practices and procedures in the investigating grand jury to violate Pownall's constitutional rights. ¶ 69. The grand jury returned "Presentment No. 4" – an unsealed public document referenced and relied upon in Plaintiff's Amended Complaint – charging Pownall with Criminal Homicide, Possession of an Instrument of Crime, and Recklessly Endangering Another Person.[1] ¶ 69.

Krasner and Tripp successfully moved to unseal the presentment, knowing that such a salacious and one-sided news story would be covered by local and national news networks to advance their political agenda. ¶ 72. The now-public presentment outlines

---

[1] § 18 Pa.C.S.A. §2501 Criminal Homicide, 18 Pa.C.S.A. §907 Possession of an Instrument of Crime, and 18 Pa.C.S.A. § 2705 Recklessly Endangering Another Person.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

the testimony presented to the investigating grand jury and the conclusions drawn therefrom concerning the facts and circumstances which led to Pownall's use of deadly force and Jones' death.

The presentment, referenced in Pownall's Amended Complaint, makes plain that Krasner and Tripp suborned false testimony from Witness 3. The presentment states that Witness 3 testified before the grand jury that Pownall "saw Jones throw the gun." *See* Presentment No. 4 at p. 12. This critical "fact," relied upon in Presentment No. 4. to conclude, "...there is no indication how Pownall could have reasonably believed Jones was still armed or dangerous[,]" is contradicted by the statement Witness 3 provided to detectives in the immediate aftermath of the shooting. Expert Warren reviewed Witness 3's statement to detectives and relied upon it to conclude that Pownall's shooting was justified.

Expert Warren concluded Pownall's use of force was justified after he reviewed, "various audio and video tapes, photographs, Officer Involved Shooting Investigation section reports, sworn statements from multiple police officers including Defendant Ryan Pownall. Philadelphia PD directives, **multiple witness statements**, and a wide variety of miscellaneous reports." (emphasis added) *See*, Exhibit "C" to Amended Complaint at p. 1.

In direct conflict to the false testimony the DAO Defendants suborned through Witness 3's before the grand jury, Warren's report (based on his review of materials identified above) states, "Officer Pownall, not realizing that Mr. Jones has either dropped or thrown his weapon to his right rear believes Mr. Jones is still armed and now fleeing from his custody." *See*, Exhibit "C" to Amended Complaint at p. 5, ¶ 15.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

Warren framed the critical questions in the case as follows:

> "1.    Was Officer Pownall in fear for his life or the life of others during his original encounter and struggle with Mr. Jones?
>
> 2.    When Mr. Jones was fleeing away from Officer Pownall did Officer Pownall still believe his life or the life of others was imminent serious danger or death?"

*See*, Exhibit "C" to Amended Complaint at p. 7.

In answering these critical questions, Warren described the circumstances Pownall faced just prior to and during the event as follows:

> "Officer Pownall commands Mr. Jones to comply and not to reach for the gun any further at which time Mr. Jones fails to comply with the lawful order by a uniformed and easily identifiable police officer.
>
> Officer Pownall does in fact see Mr. Jones' weapon coming out of his waistband.
>
> Due to no fault of Officer Pownall, (clearing his misfired weapon) he loses momentary eye contact with the suspect, Mr. Jones.
>
> When Officer Pownall regains sight of the suspect Mr. Jones, he is running away with his back towards Officer Pownall, where the officer cannot see Mr. Jones['] hands and **thus Officer Pownall still believes Mr. Jones is armed with a hand gun. At this time Officer Pownall makes the split second decision to fire his weapon at Mr. Jones**."

*See*, Exhibit "C" to Amended Complaint at pp. 8-9. (emphasis added).

Although Presentment No. 4. claims Pownall told Witness 3 that he "saw Jones throw the gun," Warren's expert report, which relied on the written and recorded witness statements, does not reference or reconcile this critical fact. Instead, Warren's report states after the shooting, "Officer Pownall does not locate Mr. Jones['] weapon on

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

or near Mr. Jones and immediately exclaims 'he had a gun a gun'! 'he had a gun'!" *See*, Exhibit "C" to Amended Complaint at p. 6, ¶ 18. Expert Gregory Warren was not called to testify before the grand jury and there is no evidence in the presentment to suggest the grand jurors were aware of his expert opinions.

### E.   Legal Instructions Intentionally Withheld From Grand Jurors

Additionally, Krasner and Tripp did not supply the grand jury with any evidence, information, or legal instruction regarding Section 508.[2]  This section, "Use of force in law enforcement" provides:

(a)   Peace officer's use of force in making arrest.

> (1)   A peace officer, or any person whom he  has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he believes to be necessary to effect the arrest and of any force which he believes to be necessary to defend himself or another from bodily harm while making the arrest. However, he is justified in using deadly force only when he believes that such force is necessary to prevent death or serious bodily injury to himself or such other person, or when he believes both that:
>
> > (i)    such force is necessary to prevent the arrest from being defeated by resistance or escape;

The DAO Defendants **admit** that consideration of Section 508 is a basis for determining the criminal charges against Pownall lacked probable cause. ¶ 88. Because they hold personal beliefs that Section 508 is "a little crazy" and they recognized it was a

---

[2] 18 Pa.C.S.A. §508.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

roadblock to the criminal charges they desired, they intentionally withheld evidence and the legal instruction on the applicability of Section 508 from the grand jury. ¶ 86. Similarly, Krasner and Tripp intentionally withheld from the grand jury legal instructions on murder, although **Tripp admits** providing the law to the grand jury would "absolutely be [her] duty." ¶ 87.

In effect, the grand jury returned "Presentment No. 4" recommending criminal homicide and other related charges be filed against Pownall. But this presentment was skewed to reach this conclusion through the constitutional violations and malicious conduct of Krasner and Tripp.

### F. Trial and Appellate Court History

Krasner and Tripp charged Pownall with criminal homicide and related charges and relied exclusively on the grand jury presentment. ¶ 3. Thereafter, Krasner and Tripp filed a motion asserting good cause to bypass the preliminary hearing under Pa.R.Crim.P. 565(A) requesting the court deny Pownall a preliminary hearing. ¶ 3. In their filing Krasner and Tripp misstated the law on the constitutionally permissible and reasonable alternative to a preliminary hearing. ¶ 3. The lack of candor to the tribunal and disregard for the law is a pattern and practice of the District Attorney's Office under Krasner's administration. ¶ 2.

Investigating grand jury supervising judge Robert Coleman granted the DAO request to bypass the preliminary hearing. ¶ 3. In doing so, it is unclear if Judge Coleman was aware of the Section 508 justification defense when he accepted the presentment but dismissed the First-Degree Murder charge, allowing the case to proceed to the Court of Common Pleas on Third-Degree Murder. ¶ 3.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

RYAN POWNALL V. LAWRENCE S. KRASNER, ET. AL.
PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS LAWRENCE S. KRASNER AND TRACY TRIPP'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Although the DAO Defendants knew all along that Pownall's use of force was justified under Section 508, they waited more than a year and two months after Pownall's arrest to file a motion *in limine* seeking to preclude the trial court from using Suggested Standard Jury Instruction (Crim) §9.508B, which largely tracks 18 Pa.C.S. §508. ¶ 79; *see also*, Exhibit "B" to Am. Compl. at p. 16. The basis for this argument was that Section 508 supposedly violated the Fourth Amendment based upon the DAO Defendants interpretation of *Tennessee v. Garner*, 471 U.S. 1 (1985). ¶ 80.

On December 18, 2019, Pownall through his counsel filed a motion to quash the presentment. Rather than respond to Pownall's motion, the DAO Defendants made an unscheduled appearance before the trial court and demanded the court rule on the motion *in limine*. ¶ 81. The DAO Defendants then filed an improper interlocutory appeal to the Superior Court and certified that the trial court's order would terminate or substantially handicap its case. ¶¶'s 82-84.

This certification revealed what the DAO Defendants knew *before* submitting the case to the investigating grand jury: the applicability of Section 508 to the case is fatal. ¶ 84. The Superior Court quashed the appeal and on review the Supreme Court of Pennsylvania affirmed. In a special concurrence, Justice Dougherty concluded:

> Little that has happened in this case up to this point reflects procedural justice. On the contrary, the DAO's prosecution of Pownall appears to be "driven by a win-at-all-cost office culture" that treats police officers differently than other criminal defendants. DAO CONVICTION INTEGRITY UNIT REPORT, OVERTURNING CONVICTIONS – AND AN ERA 2 (June 15, 2021), available at tinyurl.com/CIUreport (last visited July 19, 2022). This is the antithesis of what the law expects of a prosecutor.

*See* Exhibit "B" to Am. Compl. at p. 19.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

Finally, on 17 October 2022, the Honorable Barbara McDermott dismissed the charges against Pownall and issued a Statement of Findings of Fact and Conclusions of Law. *See* Exhibit "A" to Am. Compl.

### G.   The Extrajudicial Public Relations Campaign

After Pownall was arrested but before Judge McDermott dismissed the charges, the DAO Defendants filmed a self-serving documentary in which an entire 60 minute episode of the "Philly D.A." series was dedicated to their prosecution of Pownall. ¶ 14. This PR campaign was intended to poison the jury pool against Pownall. ¶ 15. The documentary aired during the DAO Defendants' frivolous interlocutory appeal. ¶ 89. Their public comments and participation in "Philly DA" served no legitimate law enforcement purpose and served only to "poison the well of public opinion." ¶ 90.

### H.   The Win-At-All-Costs Culture: Deliberately Indifferent Polices, Practices, Customs, Training and Supervision

In Count II of his Amended Complaint, Pownall alleges a claim under *Monell* for deliberately indifferent policies, practices, customs, training and supervision. These well-settled policies, procedures, customs, and/or practices, identified at ¶130 (a) – (i) violated Pownall's clearly established rights. ¶ 129(a) – (3).

The District Attorney's Office, led by Defendant Krasner the final decisionmaker, has a win-at-all-costs culture. *See* Exhibit "B" to Am. Compl. at p. 16. This culture and its pattern and practices of encouraged prosecutors to manipulate facts, disregard ethical obligations, violate constitutional rights and intentionally mislead the tribunal, as identified in Pownall's Amended Complaint and its attached exhibits and opinions. As a direct result of these unlawful policies, practices, and customs, Ryan Pownall

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

suffered (and continues to suffer) loss of constitutional rights, pain and emotional distress, and significant PTSD-type symptoms. ¶'s 97-101.

## III.   LEGAL ARGUMENT

### A.   The Controlling Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be denied if under any "plausible" reading of the pleadings, the plaintiff would be entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007). A court may only grant a motion to dismiss for failure to state a claim "if, accepting ***all factual allegations as true*** and construing the complaint ***in the light most favorable*** to the plaintiff," the court determines that the plaintiff is not entitled to relief "***under any reasonable reading*** of the complaint." *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009). The court must "consider *only* the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Plaintiff can survive a **motion to dismiss** under Rule 12(b)(6), where the alleged facts are sufficient to "nudge [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### B.   Pownall's Claims Are Well-Pled and Easily Withstand The Standards of a Motion to Dismiss

Pownall's Amended Complaint pleads facts well beyond what is necessary for a pleading to withstand a Motion to Dismiss. This action with claims for Civil Rights violations pursuant to § 1983 delineates the very actions which form the basis for the claims and harm to Pownall. It describes the plainly provable – and admitted – actions outside the bounds of conduct entitling prosecutors to absolute or qualified immunity.

14

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**RYAN POWNALL V. LAWRENCE S. KRASNER, ET. AL.**
PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS LAWRENCE S. KRASNER AND TRACY TRIPP'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Not only must the facts of the Amended Complaint be taken as true at this juncture but the Defendants' actions and statements set forth therein speak for themselves as to the Defendants' function in an investigatory rather than prosecutorial capacity at the time of the alleged violations.

### 1. The DAO Defendants Are Not Entitled to Absolute or Qualified Immunity

The DAO Defendants are not entitled to absolute or qualified immunity because the at-issue conduct is not "intimately associated with the judicial phase of the criminal process." *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The DAO Defendants contend that the Amended Complaint must be dismissed because "a prosecutor's presentation of evidence and law to a grand jury clearly is a core prosecutorial function protected by absolute immunity." DAO Brief at p. 8.

In determining whether particular actions of government officials fit within a common-law tradition of absolute immunity, or only the more general standard of qualified immunity, the court applies a "functional approach," see, *e.g.*, *Burns v. Reed*, 500 U.S. 478, 486 (1991), which looks to "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). The law presumes that qualified immunity – rather than absolute immunity – applies, and "the official seeking absolute immunity bears the burden of showing that [absolute] immunity is justified for the function in question." *Burns*, at 486.

In *Imbler*, the Court held that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the State's case at trial. *Imbler* considered the policy considerations which supported a rule of absolute immunity for conduct of prosecutors that was "intimately associated with the

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

judicial phase of the criminal process." *Imbler*, at 430. The Court in *Imbler* did not attempt to describe the line between a prosecutor's acts in preparing for those functions, some of which would be absolutely immune, and his acts of investigation or "administration," which would not. *Id*. at 431; *see also* n. 33.

The *Imbler* analysis was applied in subsequent decisions. In *Burns* the challenged conduct concerned two acts by the prosecutor: (1) giving legal advice to the police on the propriety of hypnotizing a suspect and on whether probable cause existed to arrest that suspect, and (2) participating in the probable cause hearing. Only the latter was entitled to absolute immunity, and the Court held that providing legal advice to the police was not a function "closely associated with the judicial process." *Id*. at 495.

### 2.    The DAO Defendants' Investigative Function Bars Absolute Immunity

The DAO Defendants appear to contend that Pownall mischaracterizes the at-issue conduct as investigative rather prosecutorial merely because the constitutional violations occurred before an empaneled investigating grand jury "whose role was akin to that of investigating detectives." DAO Brief at p. 8. However, when a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other." *Hampton v. Chicago*, 484 F.2d 602, 608 (CA7 1973). Accordingly, the DAO Defendant's emphasis on the grand jury's role rather than the function Krasner and Tripp performed is conveniently misplaced.

The DAO Defendants are not entitled to absolute immunity because their alleged conduct at issue – fraudulent submissions requesting the investigating grand jury resources, suborning false grand jury testimony, and withholding expert opinions,

16

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

justification for deadly force and legal instructions to the grand jury – occurred prior to the initiation of judicial proceedings and without probable cause. The very specific allegations of the Amended Complaint, **including the DAO Defendants own admissions that Krasner and Tripp were the equivalent of investigating detectives**, makes plain that Krasner and Tripp acted outside their role as judicial advocates during the investigative phase of the Pownall grand jury investigation.

The DAO Defendants do not contend that they had probable cause to arrest Pownall or initiate judicial proceedings *before* their conduct within investigating grand jury because they did not. Indeed, if the DAO Defendant's had probable cause to arrest Pownall *before* empaneling the investigating grand jury they would have done so.

On the issue of what function they were performing during the investigating grand jury process, the DAO Defendants conceded, as they must, the following at a hearing before the Honorable Barbara McDermott:

> "And I say that because as Your Honor pointed out last week, at this stage, *the investigative grand jury was a fact-finding vehicle.* ***It is the functional equivalent of the investigating that a detective would do when they are creating the affidavit of probable cause and then <u>submitting it into</u> the District Attorney's Office*** to then convert into a criminal complaint and submit to a judge for signing whether or not there's probable cause for an arrest."

Am. Compl. at ¶ 5.

. . .

> "It's simply an evidence gathering tool. It's the equivalent, as Ms. Retacco said, of investigating detectives collecting together as much evidence as they can …"

Am. Compl. at ¶ 7.

17

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**RYAN POWNALL V. LAWRENCE S. KRASNER, ET. AL.**
PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS LAWRENCE S. KRASNER AND TRACY TRIPP'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Judge McDermott, in her 17 October 2022 Statement of Findings of Fact and Conclusions of Law, found "[t]he Commonwealth's Affidavit of Probable Cause in this case relied exclusively upon the presentment." Am. Compl. at ¶ 3. As previously stated, a prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested. Under these circumstances, the DAO Defendant's conduct occurred well before they could properly claim to be acting as advocates of the state.

Now, the DAO Defendants attempt to retroactively claim their investigatory conduct was absolutely protected, merely because they later obtained a presentment and filed criminal charges. It is true, "[a] prosecutor is entitled to absolute immunity when [he] acts 'as an advocate for the State' and engaged in activity that is 'intimately associated with the judicial phase of the criminal process.'" *Prince v. Hicks*, 198 F.3d 607, 611 (6th Cir. 1999) (quoting *Imbler*, at 430-31.). However, absolute immunity does not extend to a prosecutor's administrative and investigative conduct that "do[es] not relate to [his] preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (citing *Burns*, 500 U.S. at 494-96). In other words, absolute immunity does not protect "the investigative functions normally performed by a detective or police officer." *Id*. A prosecutor who "search[es] for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is not entitled to absolute immunity. *Id*. at 273.

Moreover, the fact that a prosecutor "later call[s] a grand jury to consider the evidence [that his alleged misconduct uncovered] does not retroactively transform that work from the administrative into the prosecutorial." *Id*. at 275-276. "A prosecutor may

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

not shield his investigative work with the aegis of absolute immunity merely because, after a suspect is eventually arrested, . . . that work may be retrospectively described as 'preparation' for a possible trial; every prosecutor might then shield himself from liability for any constitutional wrong against innocent citizens by ensuring that they go to trial." *Id*. at 276.

Accordingly, the DAO Defendant's mission – to create probable cause where it did not exist – was entirely ***investigative*** in character and they must not be afforded absolute immunity.

### 3.    The DAO Defendant's Conduct Violated Clearly Established Constitutional Rights

Having concluded that the DAO Defendants are not absolutely immune for their actions during the Pownall investigating grand jury, the next inquiry considers whether they are entitled to qualified immunity. They are not.

A prosecutor acting in an investigative or administrative capacity is protected only by qualified immunity. *Imbler*, 424 U.S. at 430-31. Qualified immunity protects government officials from civil suits for damages, so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Court employs a two-part test to determine whether a government official is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The two-part test considers (1) whether the alleged facts, viewed in the light most favorable to the plaintiff, show that the official's conduct violated a constitutional right, and (2) whether that constitutional right was "clearly established." *Id*. A right is clearly established when a reasonable officer would know – in the given situation and with the

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

information known to him at the time – that his conducted violated that right. *Id.* at 202. If reasonable officials could disagree as to whether the conduct at issue was lawful, then qualified immunity applies. *Waters v. City of Morristown*, 242 F.3d 353, 360-61 (6th Cir. 2001).

The 3rd Circuit Court recognized that there are situations in which allegations establish that the solicitation or coercion of false statements from a witness occur while the prosecutor was acting in an investigative capacity. *Rose v. Bartle*, 871, F.2d 331, 344 (3d Cir. 1989). The case at bar is the situation the 3rd Circuit Court envisioned.

Additionally, the 3rd Circuit has observed that a prosecutor's investigatory function **does not relate** to an advocate's preparation for initiation of judicial proceedings because the prosecutor does not yet have probable cause to initiate such proceedings:

> "[A] prosecutor's 'investigatory functions that do no relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity.' *Buckley*, 509 U.S. at 273. Determining the precise function that a prosecutor is performing is a fact-specific analysis. For instance, **'[a] prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested.'** *Id.* at 274. **Before probable cause for an arrest, a prosecutor's 'mission at that time [i]s investigative in character.'** *Id.*"

*Fogle v. Sokol*, 857 F.3d 148, 160 (3d Cir. 2020).

In *Rieves v. Town of Smyrna*, 959 F.3d 678 (6th Cir. 2020), assistant district attorney Zimmerman and District Attorney Jones were not entitled to absolute or qualified immunity where the complaint offers specific factual allegations that Jones and Zimmerman acted outside their as judicial advocates during the investigative phase

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

of Operation Candy Crush and were objectively unreasonable in pushing the operation forward without probable case.

Here, the DAO Defendants did not have probable cause to arrest Pownall for murder *before* submitting the case to the investigating grand jury. The DAO Defendants were objectively unreasonable pushing the investigation forward and in empaneling a grand jury to suborn knowingly false testimony and simultaneously withholding from that grand jury the expert opinion of Gregory Warren as well as necessary legal instructions in order to obtain a presentment and prosecute Pownall for murder.

Pownall alleges facts demonstrating that the DAO Defendants violated his constitutional rights. The relevant constitution rights include the Fourth Amendment right to be free from an arrest without probable cause and the Fourteenth Amendment right to due process. The facts, taken as true and construed in Pownall's favor as they must be, support the inference that Krasner and Tripp knew the evidence to support probable cause to arrest Pownall was lacking.

If probable cause existed to charge Pownall with Jones' murder when AG Shapiro transferred the investigation back to the Phila. DAO in January 2018, the DAO Defendants would have requested and/or prepared an affidavit for an arrest warrant charging Pownall. Simply put, if the probable cause existed then there was no need to empanel the grand jury. Yet, even though the DAO Defendants knew Pownall did not commit a crime because his use of deadly force was justified, they fraudulently empaneled the investigative grand jury to construct the probable cause they desired. Through their abuse of the grand jury process, the DAO Defendants suborned false testimony from Witness 3 to leave the grand jury with the impression that: (1) Pownall

21

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**RYAN POWNALL V. LAWRENCE S. KRASNER, ET. AL.**
PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS LAWRENCE S. KRASNER AND TRACY TRIPP'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

saw Jones throw his gun; (2) Pownall knew Jones no longer posed a threat of imminent serious bodily injury or death; and (3) Pownall shot and killed an unarmed man running away from him.

Additionally, the DAO Defendants intentionally withheld from the grand jury the expert opinion of their own retained expert, Gregory Warren, which found the shooting was justified and there was no basis for prosecution – and failed to reconcile the material factual discrepancies between the written and recorded witness statements Warren was provided to form his opinion and the witnesses testimony before the grand jury.

Finally, to perfect their fraud, the DAO Defendants intentionally withheld evidence of Pownall's justification for deadly force and disregarded their duty to charge the investigating grand jury with necessary legal instructions for murder. Therefore, Pownall has adequately alleged constitutional violations.

The consideration next turns to whether a reasonable official would have known that Krasner and Tripp's conduct violated a clearly established federal right. On a general level, "[i]t is clearly established that an arrest without probable cause violates the Fourth Amendment." *Crockett v. Cumberland College*, 316 F.3d 571, 584 (6th Cir. 2003). More specifically, the question turns on whether reasonable officials – armed with the information that was available to Krasner and Tripp at the time of their alleged conduct – would have believed that probable cause existed to arrest Pownall.

It is clearly established that prosecutors may not make a probable cause determination based on knowingly perjured evidence, suppressed or withheld evidence or unreliable evidence. *See Harris v. Bornhorst*, 513 F.3d 503, 512 (6th Cir. 2008). The

22

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

DAO Defendants actions were objectively unreasonable because their probable cause rested exclusively on Presentment No. 4, obtained through suborned false testimony from Witness 3 concerning the shooting and its aftermath. Accordingly, the DAO Defendants are not entitled to qualified immunity.

### 4.    The DAO Defendants Extrajudicial Statements Made In Filming Of "Philly DA" Documentary Are Not Immune

Pownall alleges that the DAO Defendants made extrajudicial statements regarding the prosecution to poison the well of public opinion, taint the jury pool, and deprive him of a fair trial. An entire 60-minute episode of the "Philly DA" documentary was dedicated to the prosecution of Pownall.

Communication with the press is not a core prosecutorial activity. The Third Circuit has noted on prior occasions, "talking to the press is, at best, only an administrative function," *Schrob v. Catterson*, 948 F.2d 1402 (3d Cir. 1991); *Helstoski v. Goldstein*, 552 F.2d 564, 566 (3d Cir. 1977), subject solely to qualified immunity.

Pownall alleges his right to a fair trial under the Sixth Amendment was violated. The DAO Defendants were objectively unreasonable in participating in the "Philly DA" documentary and making public statements regarding a pending criminal matter. In his special concurrence, Justice Dougherty commented on the DAO Defendants successful battle to keep the Pownall matter before a Philadelphia jury despite extensive media coverage, and offered the following:

> That a prosecutor would think it appropriate to poison the well of public opinion by participating in a documentary concerning an ongoing case is unconscionable to me. *See, e.g.*, Pa.R.P.C. 3.8(e) ("except for statements that are necessary to inform the public of the nature and extent of the prosecutor's action and that serve a legitimate law enforcement purpose, [a prosecutor shall] refrain from

23

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

RYAN POWNALL V. LAWRENCE S. KRASNER, ET. AL.
PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS LAWRENCE S. KRASNER AND TRACY TRIPP'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

> making extrajudicial comments that have a substantial likelihood of heightening public condemnation of the accused").

*See* Exhibit "B" to Am. Compl. at n. 13.

Accordingly, the DAO Defendants must not be afforded qualified immunity for their inflammatory, prejudicial, and unethical participation in the "Philly DA" documentary episode concerning the Pownall case.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Pownall respectfully requests that the Court deny the DAO Defendants' Motion to Dismiss the Amended Complaint.

Date: 7 February 2023                              Respectfully submitted,

                                              **THE BEASLEY FIRM, LLC**

                              BY:  *Louis F. Tumolo*_____
                                     JAMES E. BEASLEY, JR., ESQ.
                                     LOUIS F. TUMOLO, ESQ.
                                     1125 Walnut Street
                                     Philadelphia, PA 19107
                                     215.592.1000
                                     215.592.8360 (telefax)
                                     Attorneys for Plaintiff
                                     Louis.tumolo@beasleyfirm.com

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

## **CERTIFICATE OF SERVICE**

I, Louis F. Tumolo, hereby certify that service of a true and correct copy of the foregoing was served via electronic mail upon the following counsel:

Lauri A. Kavulich, Esquire
Jessica D. Reilly, Esquire
Clark Hill, PLC
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103

Lindsay Fouse, Esquire
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
***Attorneys for the City of Philadelphia***

David Smith, Esquire
Frantz J. Duncan, Esquire
Anne E. Kane, Esquire
Schnader Harrison Segal & Lewis, LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
***Attorneys for Lawrence Krasner & Tracy Tripp***

Date: 7 February 2023                              **THE BEASLEY FIRM, LLC**

BY:  *Louis F. Tumolo*
JAMES E. BEASLEY, JR., ESQ.
LOUIS F. TUMOLO, ESQ.
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (telefax)
Attorneys for Plaintiff
Louis.tumolo@beasleyfirm.com

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**RYAN POWNALL V. LAWRENCE S. KRASNER, ET. AL.**
CERTIFICATE OF SERVICE