IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN POWNALL | : | |
|         **Plaintiff** | : | |
| v. | : | NO: 2:22-cv-04191-GAM |
| | : | |
| LAWRENCE S. KRASNER, TRACY TRIPP, AND THE CITY OF PHILADELPHIA | : | |
| | : | |
|         **Defendants.** | | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS LAWRENCE S. KRASNER AND TRACY TRIPP'S REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

In his initial Response in Opposition to Defendants Lawrence Krasner and Tracy Tripp's Motion to Dismiss Plaintiff's Amended Complaint (ECF #30), Plaintiff detailed the legal and factual assertions establishing that Defendants' Motion must be denied. Those reasons stand unaffected by Defendants' Reply Brief, which serially mischaracterizes the Defendants' conduct as advocacy when they previously admitted they were acting in an investigatory capacity.

**I.    Defendants Are Not Immune To Claims Arising From Their Investigatory Conduct**

The Supreme Court's holding in *Imbler* was narrow: "We hold only that in initiating prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Court in *Imbler* utilized the functional approach and suggested that a prosecuting attorney would not be absolutely immune from suit for actions not closely connected with the judicial process. Functions more "investigative" in nature – searching for clues

1

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

and corroboration – are more removed from the judicial process and merit only qualified immunity. Drawing the line between protected and unprotected conduct of a prosecutor is undoubtedly difficult.

This Court is not without guidance because the Supreme Court "has identified 'evaluating evidence and interviewing witnesses' as falling on the absolute immunity side of the line, leaving 'searching for the clues and corroboration' that might lead to a recommendation for an arrest on the qualified immunity side." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1995). For instance, in interpreting *Buckley*, the Second Circuit distinguished between "preparing for the presentation of an existing case" and attempting to "furnish evidence on which a prosecution could be based," *Smith v. Garretto*, 147 F.3d 91, 94 (2d Cir. 1998). Only the former entitles a prosecutor to absolute immunity. *Id.*

Here, Pownall has alleged Krasner and Tripp suborned perjury when functioning as investigators and searching for clues and corroboration within the *investigating* grand jury to create probable cause for an arrest. These actions should never be connected with any judicial process and their conduct must not be protected. *See, e.g., Zimmerman v. Corbett* 2015 U.S. Dist. LEXIS 16043 (E.D. Pa Feb. 10, 2015). Indeed, this Court has sufficient factual pleading to prove Defendants' offensive behavior as investigatory. These Defendants admitted such during the criminal hearing identified in Plaintiff's principal brief (ECF #30 at pg. 5). As counseled by the court in *Zimmerman*, this Honorable Court must, at a minimum, permit these claims to proceed through discovery. *Id.* at *25-27.

2

**POWNALL V. KRASNER, ET AL.**
PLAINTIFF'S SUR-REPLY TO DEFENDANTS, LAWRENCE S. KRASNER AND TRACY TRIPP'S REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (fax)
www.beasleyfirm.com

Properly considered, as set forth by Plaintiff in his Brief in Opposition, the previously detailed reasons why the immunity arguments must be rejected in this matter remain dispositive.

## II. The Court May Fairly Consider Plaintiff's Sixth Amendment Claims Under Federal Pleading Standards

Plaintiff's pleading contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Here, Plaintiff's factual averments meet the requisite pleading requirements for his Sixth Amendment violation. The focus is not on conclusions or labels but on the factual averments of the pleading.

In *McBeth v. Himes*, 598 F.3d 708 (10th Cir. 2010), the Tenth Circuit Court of Appeals upheld the district court's decision to analyze a plaintiff's claim as a First Amendment claim, even though the plaintiff had alleged consistently in the litigation – up to and including her response to the defendant's motion for summary judgment – that the violation at issue involved a violation of the Sixth Amendment. *See* 598 F.3d at 716. The Court explained: "Generally, failure to set forth in the complaint a theory upon which the plaintiff could recover does not bar a plaintiff from pursuing a claim." *Id*.

In *Estate of Lockett v. Fallin*, 841 F.3d 1098 (10th Cir. 2016), the Court entertained a plaintiff's Eighth Amendment deliberate-indifference claim even though the complaint made only a single isolated reference to deliberate indifference included under a claim for relief labeled "Eighth Amendment violation—Torture." 841 F.3d at 1109. The Court explained, "[a]lthough Lockett's Estate's first claim needs some stretching to raise a deliberate-indifference claim . . . we will do so."

In sum, the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."

3

**The Beasley Firm, LLC**
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (fax)
www.beasleyfirm.com

**POWNALL V. KRASNER, ET AL.**
PLAINTIFF'S SUR-REPLY TO DEFENDANTS, LAWRENCE S. KRASNER AND TRACY TRIPP'S REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

*Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam). If this Honorable Court finds the pleading imperfect, Plaintiff must be permitted to file a Second Amended Complaint.

### III.  CONCLUSION

For the foregoing reasons, and the reasons set forth in Plaintiff's Opposition Brief (ECF #30), Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

**THE BEASLEY FIRM, LLC**

*/s/ Louis F. Tumolo*
JAMES E. BEASLEY, JR., ESQUIRE
LOUIS F. TUMOLO, ESQUIRE
1125 Walnut Street
Philadelphia, PA  19107
215.592.1000
215.592.8360 (telefax)
*Attorneys for Plaintiffs*
Louis.tumolo@beasleyfirm.com

Date: 2 March 2023

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

4

**POWNALL  V. KRASNER, ET AL.**
PLAINTIFF'S SUR-REPLY TO DEFENDANTS, LAWRENCE S. KRASNER AND TRACY TRIPP'S REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Plaintiff's Sur-Reply to Defendants Lawrence S. Krasner and Tracy Tripp's Reply Brief in Further Support of Their Motion to Dismiss Plaintiff's Amended Complaint was served upon the following via Electronic Court Filing:

Lauri A. Kavulich, Esquire
Jessica D. Reilly, Esquire
**CLARK HILL, PLC**
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103

Lindsay Fouse, Esquire
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
*Attorneys for the City of Philadelphia*

David Smith, Esquire
Frantz J. Duncan, Esquire
Anne E. Kane, Esquire
**SCHNADER HARRISON SEGAL & LEWIS, LLP**
1600 Market Street, Suite 3600
Philadelphia, PA 19103
*Attorneys for Lawrence Krasner & Tracy Tripp*

**THE BEASLEY FIRM, LLC**

/s/ *Louis F. Tumolo*
JAMES E. BEASLEY, JR., ESQUIRE
LOUIS F. TUMOLO, ESQUIRE
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (telefax)
*Attorneys for Plaintiffs*
Louis.tumolo@beasleyfirm.com

Date: 2 March 2023

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**POWNALL V. KRASNER, ET AL..**
CERTIFICATE OF SERVICE